# Hill, Appellant, *v.* United Life Ins. Association.

## [Marked to be reported.]

*Life insurance—Tontine assignment—Payment to fiducial agency.*

Ten persons holding policies of insurance on their individual lives for like amounts, executed tontine assignments to a fiducial agency in trust to collect and distribute the proceeds of their respective policies, in case of death, to the survivors. *Held,* that the assignment was good so far as it was made for the purpose of creating the fiducial agency a trustee to collect the shares; and a payment to the fiducial agency discharged the insurance company from liability to the legal representatives of the insured.

The question of the right of the legal representatives of the insured to recover against the fiducial agency not decided.

*Wagering contract.*

A person may insure his own life, paying the premium himself, for the benefit of another who has no insurable interest, and such transaction is not a wagering policy: Scott v. Dickson, 108 Pa. 6.

Argued Nov. 8, 1892. Appeal, No. 262, Oct. T., 1892, by plaintiff, Elizabeth Hill, administratrix of Laban S. Hooper, deceased, from judgment of C. P. No. 3, Allegheny Co., No. 440, Feb. T., 1892, on verdict for defendant. Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on policy of life insurance.

On the trial, before KENNEDY, J., the following facts appeared: Laban S. Hooper, of Pittsburgh, Pa., became a member of United Life and Accident Insurance Association, a corporation of New York, appellee, on Oct. 23, 1890. His policy of insurance was for $10,000., payable ninety days after proof of death, to his estate. The contract was made in Pittsburgh. Laban S. Hooper and nine other members of said association, each holding a policy in like amount, then executed a tontine assignment, to the fiducial agency, providing a scheme for division of the proceeds of their policies, in case of death, among the survivors. The policy of Laban S. Hooper was never de-

livered to the fiducial agency. No delivery of the tontine assignment to the fiducial agency was proven, but it was held by the company. The first party to the tontine assignment to die was Laban S. Hooper, who died Aug. 10, 1891, intestate, unmarried and without issue, leaving, as his heir-at-law, his mother, the appellant, to whom letters of administration were duly granted. On refusal of defendant to pay to plaintiff, this suit was brought.

Plaintiff gave evidence to prove the case on the policy and rested.

Defendant offered in evidence the following circular, and assignment:

" Tontine and Club Circular of the United Life and Accident Insurance Association, 44 Broadway, New York.

" The United Life and Accident Insurance Association will sanction the following arrangement, which the insured may, at their option, avail themselves of. The plan particularly commends itself to men not having families dependent upon them for support, or to those who already have considerable lines of regular insurance.

" Ten persons holding policies for 1, 2, 3, 5, or 10,000 dollars each, made payable to themselves as beneficiaries, may make an assignment thereof in trust, approved of by the association, for the purpose of distributing the proceeds of a policy on the death of one of their number, among the surviving assignors and such other person or persons as may be designated by the insured in the deed of trust.

" The assignment in trust will be a purely mutual agreement, with equal benefits and like restrictions on each of the assignors, each one of whom makes such assignment in consideration of the same action on the part of the others executing the trust assignment.

" Policies assigned in this manner are not in any way affected as regards the relations of the insured to the association, except as to the manner of distribution of the death benefit.

" The accident benefits are not to be included in the assignment, and the assignors do not surrender any right thereto or interest therein by reason of such assignment. The death benefit alone is assigned.

" After ten persons have joined in an assignment, vacancies

caused either by death or by failure of members to keep their policies alive, will in no case be filled. Should a death occur before an assignment is executed by ten, it will be completed with the signers it may have at the time the death occurred, and they will be entitled to an equal division among them (the survivors) according to their number and terms of the assignment at the time the policy of the deceased becomes a claim.

" Persons of widely different ages cannot join in the same trust assignment, except where they undertake to complete assignments composed of their friends and acquaintances."

" TONTINE ASSIGNMENT, No. 168.

" I hereby assign my certificate of membership No. B-5354 for $10,000 in the United Life and Accident Insurance Association, made payable to myself as sole beneficiary, to the Fiducial Agency, in trust to collect and distribute the proceeds thereof according to the foregoing plan of trust assignments for mutual benefit, which plan, as approved of by the United Life and Accident Insurance Association, I hereby agree to: and also to collect for me my one equal share of each and all certificates included in the same trust assignment. I appoint the Fiducial Agency my attorney in fact, irrevocable for all purposes connected with this trust.

" I hereby nominate my estate of—to be the beneficiary of one equal share of the proceeds of the above described certificate upon my demise."          [Signed and sealed.]

Plaintiff objected (1) that it was no assignment, and (2) a wagering contract. Objection overruled and exception. [6]

Similar assignments by the other nine members were given in evidence under objection and exception. [7]

Plaintiff offered the evidence of other members of the club, who under the terms of the plan referred to would share the proceeds of Hooper's policy, to show that they were neither relatives by blood nor creditors of Hooper. Objected to, objection sustained, exception. [3, 4]

Binding instructions for plaintiff were refused. [2]

Binding instructions for defendant were given. [1]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were, (1, 2) above instructions; (3, 4, 6, 7) rulings on evidence; quoting instructions, bills of exception and evidence.

*J. M. Swearingen*, *McCreery & Rodgers* with him, for appellant.—The paper is not an assignment at all, because:

(1) It was without any lawful consideration. There is no pretence of any consideration for this agreement, other than that which is shown upon this tontine assignment itself. That, we contend, is a mere wager and the paper a nullity. It is of no consequence that it was under seal, for the real consideration may be examined: Bishop on Contracts, § 121.

(2) There was no delivery of the assignment or the tontine assignment; Palmer v. Merrill, 6 Cush. 282; Hines & Nichols, Law of Assignments of Life Ins., p. 334; Trough's Est., 75 Pa. 115; Campbell's Est., 7 Pa. 100; Helfenstein's Est., 77 Pa. 328.

The so-called power of attorney in this tontine assignment amounts to nothing. Even if ever valid, it was revoked, ipso facto, by the death of Laban S. Hooper: Frederick's Ap., 52 Pa. 338; Blackstone v. Buttermore, 53 Pa. 266.

Nor can it be supported as a trust, for the same reasons as given above. There was no consideration for it: Trough's Est., 75 Pa. 115; Kennedy v. Ware, 1 Pa. 445.

The assignment was subsequent to the policy. There was no consideration for it execpt the wager that the other nine would die first. This was as much of a wager as Phillips v. Ives, 1 Rawle, 36. Betting and gaming contracts are unlawful in this commonwealth: Brua's Ap., 55 Pa. 294; Edgell v. McLaughlin, 6 Whart. 175; Fareira v. Gabell, 89 Pa. 89; Corson's Ap, 113 Pa. 438; Warnock v. Davis, 14 Otto, 775; Irwin v. Williar, 110 U. S. 499; Bigelow v. Benedict, 70 N. Y. 202.

The law of Pennsylvania governs the contract: Pomeroy v. Manhattan Ins. Co., 40 Ill. 398; Eilenberger v. Ins. Co., 89 Pa. 464; Schaffer v. Ins. Co., 89 Pa. 296. An assignment follows the law of the chose in action assigned: Cooke on Ins., page 8; Pomeroy v. Manhattan Ins. Co., 40 Ill. 398; Mutual Ins. Co. v. Allen, 138 Mass. 24. But this assignment is equally void under the laws of New York: 3 Revised Statutes N. Y. (N. ed.), § 8, p. 2218.

*Edward F. Hayes*, *T. A. Noble* and *Harry Wilbur* with him, for appellee.—The appointment of a trustee and attorney in fact irrevocable is binding: Ins. Co. v. Robertshaw, 26 Pa. 189. The evidence offered to impeach the tontine assignment by showing

want of relationship or creditorship was inadmissible to set aside the assignment and appointment of a trustee, however admissible it might be in an action against the fiducial agency by the estate of Laban S. Hooper to recover the full amount of the policy : Scott v. Dickson, 108 Pa. 6 ; Insurance Co. v. Robertshaw, supra ; St. John v. Ins. Co., 2 Duer, 419 ; Bond v. Bunting, 78 Pa. 210 ; Richardson v. Richardson, 3 L. R. Eq. 686 ; Morgan v. Malleson, 10 L. R. Eq. 475 ; Pye's Case, 18 Ves. 140.

Insurance companies are ordinarily governed by the law of the principal place of the company : 2 Whart. on Cont. 875 ; Whart. on Conf. of Laws, 465, 466 ; May on Insurance, 66 ; Tayloe v. Ins. Co., 9 How. 390 ; Cooper v. Ins. Co., 7 Nev. 116 ; Friend v. Ins. Co., 47 Barb. 127 ; Eadie v. Slimmon, 26 N. Y. 9 ; Bliss on Life Insurance, § 361, page 611 ; St. John v. Amer. Mut. Life Ins. Co., 2 Duer, 419 ; Same Case, 3 Kern. 31 ; Ruse v. Mut. Ben. Life Ins. Co., 23 N. Y. 516 ; Ford v. Buckeye State; 6 Bush, 133 ; Wright v. Sun Mut. Life Ins. Co., 6 Am. L. Reg. 485 ; Central Bank of Washington City v. Hume, 128 U. S. 195.

Any person has an insurable interest in his own life, and there is no question but that he can make the policy payable, in case of his death, to any person whom he may appoint : Rawls v. American Mut. Life Ins. Co., 27 N. Y. 282 ; Hogle v. Guardian Life Ins. Co., 6 Robt. 567 ; Butler v. Nat'l Mut. Life Ins. Co., 55 Hun, 296 ; Tucker v. Mut. Ben. Life Ins. Co., 50 Hun, 50 ; Conn. Mut. Life Ins. Co. v. Schaefer, 94 U. S. 457 ; Olmsted v. Keyes, 85 N. Y. 593 ; Clark v. Allen, 11 R. I. 439 ; Ashley v. Ashley, 3 Sim. 149 ; Ætna Life Ins. Co. v. France, 94 U. S. 561 ; Brockway v. Mut. Ben. L. Ins. Co., 9 Fed. R. 249 ; Langdon v. Union Mut. L. Ins. Co., 22 Am. Law Reg. 393 ; Sides v. Knickerbocker L. Ins. Co., 16 Fed. R. 650 ; Lamont v. Grand Lodge Iowa Legion of H., 31 Fed. R. 177 ; Lamont v. Men's Mut. Ben. Ass'n, 30 Fed. R. 817.

The money having been paid to the trustee by the insurer in accordance with the directions of the assignor, the insurance company could not be liable for any breach of duty of the trustee.

Survivorship insurance is not irregular or entirely new : Bacon, Benefit Societies and Life Ins., § 18 ; Lord v. Dall, 12 Mass. 115.

The assignment is equivalent to a declaration of trust: Morgan v. Mallison, L. R. 10 Eq. 475; Bond v. Bunting, 78, Pa. 210; Licey v. Licey, 7 Pa. 251; Kekewich v. Manning, 1 De G. M. & G. 176; Read v. Robinson, 6 W. & S. 329; Cunningham v. Smith's Administrator, 70 Pa. 450; Fellow's Ap., 93 Pa. 470; Mack's Ap., 68 Pa. 231; Ellison v. Ellison, 6 Ves. 656; Hill, Trustees, 82; Perry, Trusts, § 98 and notes; Rick's Ap., 105 Pa. 528.

The assignment must stand, first, either as a gift or voluntary assignment; second, a declaration of trust; third, as an assignment for a valuable consideration; or, fourth, as a testamentary disposition of the policy: Fosselman v. Elder, 98 Pa. 159; Frew v. Clark, 80 Pa. 170; Yard v. Patton, 13 Pa. 283.

Delivery of policy is not essential: N. Y. Life Ins. Co. v. Ireland, 14 L. R. An. 278; Malone's Est., 8 W. N. 179; Neale v. Molineux, 2 C. & K. 672; Bliss, Life Ins., pp. 544, 545.

Delivery to the insurance company was a sufficient delivery of the tontine assignment: Drury v. Smith, 1 P. Wms. 405; Wells v. Tucker, 3 Bin. 366; Swift v. Ry. Conductors' Mut. Ass'n, 96 Ill. 309; Wood v. Phœnix Ins. Co., 22 La. Ann. 617; St. John v. Am. Life Ins. Co., 13 N. Y. 31; Marcus v. St. Louis Mut. Life Ins. Co., 68 N. Y. 625; Cook v. Black, 1 Hare, 390; Norwood v. Guerdon, 60 Ill. 253; Fowler v. Butterly, 78 N. Y. 68; Lemon v. Phœnix Mut. Life Ins. Co., 38 Conn. 294; Bond v. Bunting, 78 Pa. 213.

The fact that the assignee has no insurable interest in the life of the assured does not create a presumption that he acquired his interest under such assignment for the purpose of speculating or gambling upon the life of the assured: Clark v. Allen, 11 R. I. 439. Nor is this fact either conclusive or prima facie evidence that the transaction is illegal: United Life Ins. Co. v. Allen, 138 Mass. 240; Scott v. Dickson, 108 Pa. 6; Cunningham v. Smith, 70 Pa. 450.

It is not necessary that the assignee should have any interest; he stands on the rights of the party who effected the insurance: Ashley v. Ashley, 3 Simons, 149; Barber v. Morris, 1 M. & R. 62; Olmstead v. Keyes, 85 N. Y. 593; Wright v. Mut. Ben. L. Ass'n, 118 N. Y. 237; Edington v. Ætna L. Ins. Co., 13 Hun, 543; Cannon v. N. W. Mut. L. Ins. Co., 29 Hun 470; Ferdon v. Canfield, 39 Hun, 571; Butler v. Natl. Mut. L.

A. Co., 55 Hun, 296; Hurlbut v. Hurlbut, 1 N. Y. Sup. 854; Mut. Life Ins. Co. v. Allen, 138 Mass. 24; Clark v. Allen, 11 R. I. 439; Murphy v. Red., 1 So. R. 761; 64 Miss. 614; Eckel v. Renner, 41 Ohio St. 232; Bursinger v. Bank, 67 Wis. 75; Warnock v. Davis, 104 U. S. 775.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 3, 1893:

There is really but one question in this case, viz.: Was the "Tontine Assignment," as it is called, a valid and lawful contract? The plaintiff contends that it was not, for two reasons. First: The paper is not an assignment at all, and passed no title to the fiducial agency; and, Second: It is a wagering contract of the worst character, and wholly void.

We cannot assent to either of these propositions. It appears that Laban S. Hooper became a member of the United Life Insurance Association, appellee, a corporation of New York, on October 23, 1890. His policy of insurance was for $10,000 payable ninety days after proof of his death. The said Hooper and nine other members of said association, each holding a policy in like amount, then executed certain papers, called the "Tontine Assignment" to the fiducial agency, which as we understand it was a scheme for the distribution of the proceeds of their respective policies, in case of death, to the survivors.

The first party to the "Tontine Assignment" to die was the said Laban S. Hooper, who died August 10, 1891, intestate, unmarried and without issue, leaving as his heir at law, his mother, the appellant, to whom letters of administration were granted on August 31, 1891.

The defendant company paid the entire proceeds of Laban S. Hooper's policy to the fiducial agency on January 4, 1892. The company had previously been notified of appellant's claim to the proceeds.

We think the "Tontine Assignment," so far as it was made for the purpose of creating the fiducial agency a trustee to collect the share of Laban S. Hooper, whatever that share should·be, after his death, was a valid assignment. As between this plaintiff and the defendant company, the payment to the fiducial agency was a good payment. The question of the right of the plaintiff to recover in an action against the fiducial agency is not before us and is not decided.

It is proper to remark, however, that the cases which have been cited in regard to gambling policies have little, if any, application. The policy in question was not a gambling policy. It was taken out by Mr. Hooper on his own life, and the premium was paid by him. It was held in Scott v. Dickson, 108 Pa. 6, that a man may insure his own life, paying the premium himself, for the benefit of another, who has no insurable interest, and that such a transaction is not a wagering policy. This results from the right which a man has to dispose of his own property. In this case he attempted to do so by entering into the tontine arrangement, the effect of which, as we understand it, was to distribute the amount of a policy in case of a member's death among the surviving members. In this respect it appears to resemble to some extent a conveyance between two or more persons as tenants in common with a right of survivorship. Upon this point, however, we express no decided opinion at present. All we hold is that the payment by the defendant company to the fiducial agency, was a good payment as between the defendant company and the plaintiff.

Judgment affirmed.