ISAAC N. COOPER, Respondent, v. AMERICAN CENTRAL INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, December 6, 1909.

1. FIRE INSURANCE: Answer: Motion to Strike Out. The answer, fully set out in the opinion, considered and held bad except as to the fourth paragraph which should not have been stricken out, as it, being verified, raised an issue as to the execution of the policy.

2. ———: ———: ———. A motion to strike out an answer comes too late when made after the filing of a reply.

3. ———: Other Insurance: Encumbrance. In the absence from a contract of insurance of a stipulation against encumbrances, the obligation of the company would not be impaired by the act of the insured in placing an encumbrance on the property during the life of the policy.

Appeal from the Gasconade Circuit Court.—*Hon. R. S. Ryors*, Judge.

REVERSED AND REMANDED.

*Barclay & Fauntleroy, August Meyer* and *J. W. Booth* for appellant.

(1) The plaintiff's motion to strike out (the answer) confesses the facts (stated in said answer), and the only question, therefore, is, Do the facts stated (therein), constitute a defense? Wonderly v. Lafayette Co., 150 Mo. 647; Mfg. Co. v. Dawson, 77 Mo. App. 128. (2) The court erred in sustaining the motion of the plaintiff to strike out the answer of the defendant. (3) The motion to strike out the answer admitted all the facts therein stated. (4) The answer expressly stated that the company had never issued "any other policy or contract of insurance, or ever given its consent thereto, than the one mentioned herein (and which was stated in said answer), the term of which commenced September 17, 1898, and expired September 17, 1903." This, of itself, was a denial that any such contract, as stated in the answer was ever made. If it had expired in 1903, it could not be in force in "February, 1904." (5) The answer contains the following defense: "Defendant further denies generally any knowledge or information sufficient to form a belief of the other allegations of the petition not hereinbefore admitted, and not herein specifically denied." This was, of itself, a denial of all the material allegations of the petition, and made it improper for the court to grant the motion complained of. (6) The court erred in not granting the motion of defendant, to set aside

its findings and judgment in said cause, and granting defendant a new trial. (7) The court erred by striking out the answer, in question, of defendant, for the reason that it deprived said defendant of the right to the equitable relief, which is prayed for in said answer, to re-establish and declare the terms of said policy (which plaintiff alleges was destroyed, but which defendant denied ever existed), which it is alleged in the petition, was destroyed by fire. Freis v. Griffin, 17 So. 66, 35 Fla. 212.

*Breuer & Hensley* for respondent.

(1) The denials set forth by appellant in its answer constitute neither the special nor general denial required by statute, and does not make certain and definite issues. Dezell v. Fidelity & Casualty Co., 176 Mo. 253; Young v. Schofield, 132 Mo. 650; Ritchey v. Insurance Co., 98 Mo. App. 115; Snyder v. Free, 114 Mo. 360; Long v. Long, 79 Mo. 644. The two closing paragraphs of appellant's answer falls within this rule, and is supported by the above authorities and we think was properly stricken out. (2) Appellant's cross-bill contains the following statement: "And this defendant has never issued unto said Richardson or said plaintiff any other policy or contract of insurance, or ever given its consent thereto, than the one mentioned herein the term of which commenced September 17, 1898, and expired September 17, 1903." This is no denial of the allegations of the petition that the policy sued on was issued, but only a counter statement of facts inconsistent with those of the petition. State ex rel. v. Adams, 161 Mo. 349. (3) The new matter alleged by appellant for cross-bill is evasive and neither denies nor confesses and avoids and was properly stricken out. Miller v. Railroad, 62 Mo. App. 253; Gas Light Co. v. St. Louis, 11 Mo. App. 55. (4) The cross-bill and affirmative defense is nothing more than a statement by defendant for plaintiff, of a different cause of action than that stated by plaintiff

in his petition, and then an avoidance of the cause of action so stated by defendant, and there was no error in striking it out. Gas Light Co. v. St. Louis, 111 Mo. App. 55. (5) Appellant does not state facts in its cross-bill to give the court equitable jurisdiction. The discovery that appellant seems to thing it is entitled to have been abolished ever since our statute was passed, giving either party to a cause the right to compel the other party to testify as a witness; appellants' remedy at law is full adequate and complete, and there is no merit in the cross-bill.

JOHNSON, J.—This is a suit on a policy of fire insurance. Defendant answered, but on motion of plaintiff, the court struck out the answer. Defendant refused to plead further and stood on its answer. The court heard the evidence introduced by plaintiff and rendered judgment for him in accordance with the prayer of the petition. Defendant appealed to the Supreme Court but that tribunal on motion transferred the cause here.

Plaintiff alleged in the petition that defendant issued the policy in suit September 17, 1899, to G. C. Richardson; that the insurance was for a term of five years from that date; that in September, 1900, plaintiff purchased the property insured from Richardson and with the consent of defendant received a transfer of the policy duly executed and that the dwelling-house insured was destroyed by fire in February, 1904. There are other allegations in the petition not material to our present inquiry. The sufficiency of the pleading is not attacked. Defendant filed the following answer and "cross-bill in equity."

"1. For answer to the petition of said plaintiff and for a cross-bill in equity, this defendant by its attorneys, admits that it is now and was at all the times mentioned in the petition a corporation duly organized, created and existing under the laws of the State of

Missouri, and defendant further alleges that on or about the 17th day of September, 1898, defendant did duly make, execute and deliver its policy and contract of insurance to G. C. Richardson, whereby it insured said G. C. Richardson against all direct loss or damage by fire to the property mentioned in the petition, for the term (stated in said policy) of five years from September 17, 1898, at noon, to September 17, 1903, at noon, and that said policy and contract of insurance was thereafter duly assigned by said Richardson to the plaintiff, and that said alleged policy and contract of insurance contained the following clause and provision:

'This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy; or if the subject of insurance be a manufacturing establishment and it be operated in whole or in part at night later than ten o'clock, or if it cease to be operated for more than ten consecutive days; or if the hazard be increased by any means within the control or knowledge of the insured; or if mechanics be employed in building, altering, or repairing the within described premises for more than fifteen days at any one time; or if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee-simple; or if the subject of insurance be personal property and be or become encumbered by a chattel mortgage; or if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed; or if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process, or judg-

ment or by voluntary act of the insured, or otherwise; or if this policy be assigned before a loss; or, if illuminating gas or vapor be generated in the described building (or adjacent thereto) for use therein or if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used, or allowed on the above described premises, benzine, benzole, dynamite, ether, fireworks, gasoline, greek fire, gunpowder exceeding twenty-five pounds in quantity, naphtha, nitro-glycerine or other explosives, phosphorus, or petroleum or any of its products of greater inflammability than kerosene oil of the United States standard (which last may be used for lights and kept for sale according to law but in quantities not exceeding five barrels, provided it be drawn and lamps filled by daylight or at a distance not less than ten feet from artificial light) ; or if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days.'

The said policy and contract of insurance, as defendant is informed and verily believes, has been heretofore destroyed without the consent or procurement of this defendant, and for that reason cannot be produced by this defendant. And this defendant has never issued unto said G. C. Richardson or said plaintiff any other policy or contract of insurance or ever given its consent thereto than the one mentioned herein the term of which commenced September 17, 1898, and expired September 17, 1903. That it was necessary and essential to said defendant's defense of this action that the terms and conditions of said policy and contract of insurance as herein stated, be established and decreed by this court, sitting as a court of equity; and, without the terms of said document above recited, this defendant has not evidence sufficient to maintain its just and lawful defense at law or prove the contents of said document in a sufficiently convincing manner, as justice and equity demand; and that this defendant is entitled to

a discovery and a decree ascertaining and declaring the terms of said document to be as hereinbefore recited in order that justice and equity may be done in this case; and this defendant further avers, upon information and belief, and charges the fact to be, that said document was destroyed by the negligence and want of care of the plaintiff herein in leaving same exposed to fire, and in failing to take reasonable and ordinary care to guard said document against the danger of fire, and in omitting reasonable care to secure said document and protect it against the hazard of fire and against the fire by which it was destroyed, and that plaintiff was guilty of laches and negligence in the particulars aforesaid, in the care and custody of said document, the terms whereof, as above alleged, are essential to the defense of this action.

Defendant avers that plaintiff at the time of the fire, alleged in the petition, was well aware that the policy and contract of insurance which defendant had issued upon said property had expired at noon of September 17, 1903, and plaintiff knows and well knew at the time this suit was brought that said policy expired on the last-named date, nevertheless, plaintiff, prior to bringing this suit, conceived the fraudulent purpose and design of pretending that said policy by its terms was in force to September 17, 1904, and, in execution of said fraudulent purpose and design, plaintiff brought this action and made the statements contained in his petition herein in furtherance of said fraudulent purpose and design and in order to perpetrate a fraud upon this defendant.

Defendant further avers that in truth and in fact the only policy which insured the property mentioned in the plaintiff's petition expired September 17, 1903, according to the terms thereof, and in endeavoring and attempting to maintain the claim alleged in plaintiff's petition, the said plaintiff seeks to impose upon this court, as a court of law, wherefore this defendant being

remediless in the premises, according to the usual course of the common law, to obtain ascertainment and decree of the terms of said policy and contract of insurance, as above alleged, by reason of the premises aforesaid, and that said policy is unavailing to this defendant as a defense to this action, unless by the action of this court as a court of equity in compelling plaintiff to make discovery in this suit of the terms of said policy and by the act of this court in decreeing the true terms of said policy and contract of insurance, as aforesaid, which relief this defendant prays in the circumstances aforesaid, and this defendant further avers that it would be a fraud upon the rights of this defendant to permit plaintiff to further prosecute his action at law, based upon the false and fraudulent allegations of his petition herein to the effect that said policy of insurance expired September 17, 1904.

And this court having lawful jurisdiction as a court of equity in the premises to establish the terms of said policy and to cause discovery thereof to be made, has also jurisdiction to proceed to do full justice in the premises, and defendant being remediless, otherwise, in the circumstances, by reason of the fraud of plaintiff, as aforesaid, and of the destruction of said instrument, and of the laches of plaintiff in the circumstances aforesaid, now, therefore, defendant prays this court to enjoin and restrain plaintiff from further prosecuting his said action at law on account of the fraud aforesaid, and this defendant invokes the aid and jurisdiction of this court as a court of equity to establish and declare the terms of said policy to be as hereinbefore set forth, and especially to decree and declare the terms of said policy and contract of insurance to be in force from the term, commencing September 17, 1898, at noon, and expiring September 17, 1903, at noon, and not otherwise. This defendant avers that it has no adequate remedy at law to obtain the relief which it prays or to obtain

139 App—37

otherwise the benefit of the terms of said documents as a defense to this action, most inequitably and wrongfully brought by the plaintiff herein.

Wherefore this defendant prays this court to decree, establish and adjudge the terms of said policy and contract of insurance to be, in tenor, effect and substance, that said policy and contract of insurance was to endure and continue from noon of September 17, 1898, to noon of September 17, 1903, and not otherwise; and that said policy contained the paragraph hereinbefore quoted, concerning the existence of encumbrances and the increased hazard thereby occasioned, and that the plaintiff be perpetually enjoined and restrained from proceeding with his action founded on his petition herein, and from further pretending or claiming that said policy was in force after September 17, 1903, at noon; and that this defendant may have such other and further relief in the premises as to the court may seem meet and may be in accordance with the principles and practice of courts of equity in that regard, and for its costs herein expended.

2. For further answer and defense this defendant, by its attorneys (admitting as hereinbefore stated that it is and was at all the times mentioned in the petition a corporation) avers that plaintiff ought not to recover in this action because the plaintiff was guilty of laches and negligence and failed to exercise reasonable and ordinary care of the policy of insurance issued by defendant, as hereinbefore stated, on or about September 17, 1898; and this defendant expressly avers that plaintiff was guilty of want of ordinary and reasonable care and caution in the custody of said policy; and that in consequence of said negligence and want of ordinary care on the part of plaintiff said policy was destroyed by fire and defendant thereby was deprived of its use as a document and as a defense to this action.

Wherefore this defendant prays judgment that it may be discharged hence without day.

3. For further answer and defense said defendant alleges that, at the time of said alleged fire and loss, mentioned in the petition, there was a lien, encumbrance and mortgage upon the property mentioned in the petition, which had been imposed thereon by a mortgage, lien and encumbrance executed and delivered by plaintiff, I. N. Cooper to Emma Gross to secure a loan of $750, which indebtedness from said Cooper to said Gross remained unpaid and due at the time of said fire, whereby said mortgage, lien and encumbrance on said property at said time and by reason thereof the hazard to said property of being destroyed by fire was thereby increased.

4. Defendant denies that on the 17th day of September, 1899, or at any time heretofore, it made or executed a contract or policy of insurance in the terms or to the purport stated in the petition herein to G. C. Richardson, or to plaintiff; and defendant denies that it consented to any assignment to plaintiff of any policy of insurance in the terms or to the purport stated in said petition, in September, 1900, or at any time heretofore.

5. Defendant further denies generally any knowledge or information sufficient to form a belief of the other allegations of the petition not hereinbefore admitted, and not herein specifically denied."

The answer was signed by the attorneys and verified by affidavit.

The reasons assigned in plaintiff's motion to strike out this answer thus are stated: "1st: Said answer is not responsive to the issues. 2d. Said answer neither confesses nor avoids. 3d. Because the new matter constituted no defense. 4th. Because said answer is vague, uncertain and tenders no certain issues for trial. 5th. Said answer is not a proper defense."

Point is made by defendant that this motion should not have been considered for the reason that it was filed after plaintiff had filed his reply and without leave

being granted to withdraw the reply. Technically, the point is well taken. The filing of a reply puts the case in issue (Sec. 609, R. S. 1899), but we do not deem it necessary to decide the question of the full effect of the failure to withdraw the reply. We find the court erred in striking out the entire answer even on the hypothesis that the motion was properly before the court and since the cause must be remanded, we assume that plaintiff will withdraw his reply before renewing his attack on the petition. In our discussion of the answer, we shall regard the motion as filed in proper order.

The equitable relief sought by defendant is founded on the allegations that the only policy issued by defendant to Richardson expired September 17, 1903, a date before the fire; that plaintiff negligently suffered the policy to be destroyed and then fraudulently conceived the purpose of bringing and maintaining this suit on the false theory that the policy was issued a year later and, therefore, was in force when the loss occurred.

These facts afford no ground for the interference of a court of equity. To maintain his action at law, it devolved on plaintiff to plead and prove the existence of the contract on which he based his right to recover. As the instrument itself was destroyed, proof of its contents could be made by parol. Defendant could meet such evidence by evidence to the effect that the policy sued on never had existed and that the one issued by defendant had expired before the date of the loss. Such evidence being in disproof of the cause of action pleaded could be introduced under a general denial. If defendant could succeed in convincing the triers of fact that the policy pleaded in the petition never existed, certainly the motives of plaintiff in attempting to recover in an action so devoid of merit were wholly immaterial. The all-important fact was whether the policy pleaded was in force when the loss occurred. This was an issue pertaining to an action at law and as we have said was one to be raised by a general traverse.

The pleading is bad as an equitable cross-bill. Is it good as an answer? Section 604, Revised Statutes 1899, provides: "The answer of defendant shall contain: First, a general or specific denial of each material allegation of the petition controverted by the defendant, or any knowledge or information thereof sufficient to form a belief; second, a statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition."

The answer is not good as a plea of confession and avoidance. The affirmative defense interposed in the third paragraph presents no issue material to this case since it is predicated on the terms and conditions of a policy alleged to have been issued September 17, 1898, an entirely different contract from that pleaded in the petition. With this defense eliminated, the new matter alleged constitutes no affirmative defense. If true, it merely goes to disprove the cause pleaded, and, as we have said, could be proved under a general or special denial.

Is the pleading good as a general traverse? The answer to this question depends on the construction that should be given the fourth and fifth paragraphs. The latter paragraph means nothing and is too evasive to raise an issue. Its denial of knowledge, information, etc., is restricted to allegations of the petition "not hereinbefore admitted and not herein specifically denied." An answer to be good as a traverse must clearly and unequivocally deny the existence of one or more of the facts elemental to the cause of action. It must not leave the denial dependent on inference or conclusion either of law or fact and must not require the plaintiff and the court to resort to an analysis of the pleading to ascertain what is denied and what is admitted. [Dezell v. Fidelity & Casualty Co., 176 Mo. l. c. 278; Young v. Schofield. 132 Mo. 650; Ritchey v. Insurance Co., 98 Mo. App. 115; Snyder v. Free, 114 Mo. 360; Long v. Long, 79 Mo. 644.]

In Snyder v. Free, supra, the Supreme Court say: "The central idea of code pleading is that an answer should not be evasive, but should meet the allegations of the petition fairly and squarely, thus presenting sharply defined issues for the triers of the facts to pass upon. [R. S. 1889, sec. 2049.] On a former occasion this court denounced the method here employed as a 'vicious method of pleading,' and this was an apt characterization of such a faulty way of pleading. It was never the design of the code that a party plaintiff should have to carefully sift each denial of the answer and to carefully compare it with each paragraph of the petition in order to see what is admitted and what is denied. Such denials may be general or they may be special, but in either event the issue must be sharply defined, and not left to surmise or conjecture."

In our first view of the fourth paragraph, we inclined to the opinion that it likewise should be condemned on the ground that it did not clearly and unconditionally deny the facts constitutive of the cause of action pleaded in the petition. The denial that defendant issued the policy "in the terms or to the purport stated in the petition" seems suggestive of the statement of a mere conclusion of the pleader—of an averment of nothing more than a negative pregnant. But a subsequent examination of the cases in this State has convinced us that this paragraph should be construed as embracing a specific denial of the execution by defendant of the policy in suit. The doctrine of a negative pregnant is not recognized in this State. [Bank v. Richards, 6 Mo. App. 454; 74 Mo. 77.] In this case it is said: "The denial of a complex statement in the very language in which it is made is not careful pleading; but where the purpose of the pleader is clear, it is sufficient to put in issue all the material facts in the allegation denied, as if each were disjunctively stated and denied, unless a case is presented in which the answer must be fairly regarded as ambiguous."

On principle, we cannot distinguish the pleadings under consideration from that before the Supreme Court in Wynn v. Cory, 43 Mo. 304. There defendant denied that "Archibald Peery, on the 9th day of March, 1852, or at any time before or since, made, executed, acknowledged and delivered to Henry W. Peery a deed by which he conveyed to said Henry W. Peery said land or any part thereof." Speaking of this allegation the Supreme Court say: "There is nothing in this denial in the nature of a negative pregnant, nor is there any such ambiguity about it as to render it bad pleading under our system. It might have been more artificial and technical; but no one could be misled by it or left in doubt as to the purpose of the pleader to put in issue the deed and every fact that went to make it a valid and effectual instrument conveying the title to the premises in question. The statute requires pleadings to be liberally construed, with a view to substantial justice between the parties. (Citing cases.) But the construction given to the pleadings in the court below was strict, technical, and unwarranted."

To the same effect is the case of Bank v. Hogan, 47 Mo. 472. There the petition alleged that the company issued its draft signed by its secretary. The answer denied "that the company by its draft, in writing, signed by its secrtary," executed the obligation. Held "the denial is inartistic but sufficient under our system of pleading. (Citing cases.) The petition avers that the draft was drawn by the insurance company. The answer denies it. That is the substance of the averments. The rest is circumstantial."

The denial in the case in hand certainly is inartistic, but we conclude that it expresses unequivocally the purpose of the pleader to deny the execution of the policy in suit and since it is verified by affidavit, it must be held to raise an issue of the execution of the policy. The fourth paragraph should not have been stricken out. The remainder of the pleading is bad. The defense

attempted to be raised by the third paragraph is not sufficiently pleaded for the reason that it is not averred that the encumbrance on the property was prohibited by the terms of the policy sued on. Certainly in the absence from the contract of insurance of a stipulation against encumbrances, the obligation of the company would not be impaired by the act of the insured in placing an encumbrance on the property during the life of the policy.

The judgment is reversed and the cause remanded. All concur.