# Barnett *v.* United Brothers of F. & S. of M. T.

*Action on an Insurance Policy.*

(Decided December 18, 1913. Rehearing denied February 3, 1914. 64 South. 518.)

1. *Insurance; Insurable Interests.*—Public policy which forbids one having no insurable interest to take out insurance on the life of another, does not prevent one who procures insurance on his own life from making the benefit to another who has no insurable interest in it.

2. *Same; Beneficiary.*—Unless restrained by statute, or by its charter or by laws, an assessment insurance company can bind itself to pay the amount of the policy to the beneficiaries named therein, although they have no insurable interest in the life of the insured.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Nora Barnett against the United Brothers of Friendship and Sisters of Mysterious Ten, to recover the beneficial interest in an insurance policy. Judgment for defendant and plaintiff appeals. Affirmed.

PERDUE & COX, for appellant. Want of insurable interest in the life of another renders the policy void.— *U. O. O. F. v. Hill,* 57 South. 142; *Troy v. London,* 39 South. 713; *Culver v. Dryer,* 129 Ala. 602; *Spier v. Sykes,* 112 Ala. 584; *Ala. G. L. I. Co. v. Ins. Co.,* 81 Ala. 329. The designation by the insured of a beneficiary who has no insurable interest is void.—*Spier v. Sykes, supra; U. O. O. F. v. Hill, supra.* If no beneficiary is designated, the money should be paid according to the provisions of the certificate, and the by-laws of the order.—70 N. E. 567; 87 S. W. 58; 40 Atl. 919; 26 N. E. 443; 56 N. E. 1065. If the designation is invalid, the money should be distrubuted as provided by the by-laws. —29 Cyc. 118, 156. Plaintiff's complaint stated a cause

[Barnett v. United Brothers of F. & S. of M. T.]

of action.—*Crim v. Crawford,* 29 Ala. 623; *Poole v. Minge,* 50 Ala. 100. The additional allegations are not repugnant to the facts alleged in Code form.—31 Cyc. 101; 53 Ind. 380.

H. H. GOLDSTEIN, for appellee. A person may name anyone as a beneficiary in a policy which he takes out on his own life, and such designation will be good.— 19 S. W. 25; 92 Ill. App. 595; 37 S. E. 890; 116 N. W. 383; 34 S. E. 517. The designated beneficiary is entitled to the proceeds arising from the certificate.—81 N. E. 1146; 70 Mich. 587; 68 N. W. 732. Having named his beneficiaries in accordance with the by-laws and charter, and the same not contravening any statute, the policy was payable to such beneficiary, and the appellee could not successfully defend an action brought against it by the beneficiary.—*Morey v. Monk,* 145 Ala. 301; 37 S. E. 890; 34 S. E. 317.

WALKER, P. J.—By the complaint as it was amended the plaintiffs (appellants here), alleging themselves to be the next of kin of Georgia Leigh deceased, claimed the amount which, under the terms of a policy of insurance issued by the defendant corporation to the said Georgia Leigh, was payable, not to the plaintiffs, but to two persons who were alleged not to have had any insurable interest in the life of the insured. The contract counted on was made an exhibit to the complaint, and it was alleged that a by-law of the defendant provided as follows: "The ploicy held by the members must show on its face who the beneficiary, or beneficiaries are; otherwise, when no will is expressed by the policy holder, his next of kin or relations, if there be any, shall have the right to claim the estate."

The theory of the asserted right of the plaintiffs to recover the amount payable under the policy is that the

designation of beneficiaries having no insurable interest in the life of the insured was the same in effect as if there had been no designation at all, and that the result was to entitle the plaintiffs as the next of kin to claim the benefit of the above-quoted by-law of the defendant. This theory involves the assumption that a person cannot insure his own life for the benefit of another who has no insurable interest in it. The assumption is unwarranted. The public policy which forbids a mere stranger, having no insurable interest, to take out or otherwise acquire insurance on the life of another (*Helmetag's Adm'x v. Miller*, 76 Ala. 183, 52 Am. Rep. 316) does not prevent one who procures and retains insurance on his own life from making the benefit payable to another, without regard to whether the latter has any insurable interest (*Stoelker v. Thornton*, 88 Ala. 241, 6 South. 680, 6 L. R. A. 140; *Hill v. United Life Ins. Ass'n*, 154 Pa. 29, 25 Atl. 771, 35 Am. St. Rep. 807; *Union Fraternal League v. Walton*, 109 Ga. 1, 34 S. E. 317, 46 L. R. A. 424, 77 Am. St. Rep. 350; 25 Cyc. 708). The person with whom the defendant contracted, namely, the deceased, of course had an insurable interest in her own life.

Unless restrained by statute, or by the charter or some by-law or governing rule of the defendant corporation, it could bind itself to make payment as promised by such a contract as the one a copy of which is made an exhibit to the complaint as amended.—*Ancient Order United Workmen v. Brown*, 112 Ga. 545, 37 S. E. 890; *Dolan v. Supreme Council, etc.*, 152 Mich. 266, 116 N. W. 383, 15 Ann. Cas. 232. There is no statutory restriction as to the beneficiary to be named in such a contract. And the only provision as to who would be the beneficiary of the defendant's contracts of insurance which is alleged or indicated is the one contained in the

[Planters C. & O. Co. v. Costillow.]

by-law which is set out. The extent of that provision is to make the insured's next of kin or relatives the beneficiaries of a policy which does not on its face show a designation of the beneficiary or beneficiaries. This provision is not applicable in the case of such a policy as the one sued on, in which the beneficiaries are duly designated. The demurrer to the complaint as amended distinctly pointed out its failure to show that the plaintiffs have any beneficial interest in the policy sued on, or any right to maintain an action on it. That demurrer was properly sustained.

Affirmed.