(124 So. 886)

## NATIONAL LIFE & ACCIDENT INS. CO. v. BRIDGEFORTH. (8 Div. 89.)

Supreme Court of Alabama.   Oct. 17, 1929.

Rehearing Denied Dec. 19, 1929.

S. A. Lynne, of Decatur, for appellant.

W. H. Long, of Decatur, for appellee.

BROWN, J. ▇ Action by appellee against appellant on policy of life insurance. Count 1 of the complaint is in the form prescribed by the statute in such cases. Code 1923, § 9531, form 12. Count A embodies all of the averments in the form, with an added particular description of the contract. The demurrer to the complaint was properly overruled. Independent Life Insurance Co. v. Carroll (Ala. Sup.) 121 So. 88;[1] National Life Ins. Co. v. Puckett, 217 Ala. 110, 115 So. 12; American National Insurance Co. v. Moss, 215 Ala. 542, 112 So. 110.

▇▇ Defendant's plea 12 avers "that the said policy of insurance sued on was issued in consideration of an application therefor, made and signed by the insured, with the advice and procurement of the plaintiff who was named as the beneficiary thereunder, and the insured procured said policy on the inducement of said beneficiary for the purpose of enabling the said beneficiary to effect insurance on the life of said insured, and said contract was so procured by the plaintiff for the purpose of evading the law against speculative and wagering insurance; that said insured stated in said application that the beneficiary was related to him as guardian, whereas in truth and in fact the beneficiary, plaintiff, was not related to the said insured as guardian, and was not related to him by blood or affinity." This plea clearly undertakes to set up two distinct defenses—that the policy sued on is a wagering contract, and therefore void, and in this respect it is bad in failing to negative plaintiff's insurable interest in the life of the insured, a defect pointed out by the nineteenth ground of demurrer; and that the issuance of the policy was procured by misrepresentation in the application therefor, and does not aver that such misrepresentation was made with actual intent to deceive, or that the matter misrepresented increased the risk of loss. Code § 8364; Accident Ins. Department, etc., v. Brooks, 216 Ala. 605, 114 So. 6; Mutual Life Ins. Co. v. Allen, 174 Ala. 511, 56 So. 568; Afro-American Life Ins. Co. v. Adams, 195

---

[1] 219 Ala. 79.

Ala. 147, 70 So. 119; Empire Life Ins. Co. v. Gee, 171 Ala. 435, 55 So. 166.

■ The fact that a plea is double, as we have respectively held, does not render it demurrable, Bolling & Son v. McKenzie, 89 Ala. 470, 7 So. 658; Corpening & Co. v. Worthington & Co., 99 Ala. 544, 12 So. 426, yet it must present a good defense in one or the other of its aspects.

■■ That one has an unlimited insurable interest in his own life is a principle recognized by all the cases, and the great weight of authority sustains the proposition, that, when it appears that the insurance was taken out by the person whose life is insured, no question of insurable interest can arise. This is the doctrine approved by our cases. Afro-American Life Ins. Co. v. Adams, 195 Ala. 147, 70 So. 119; Barnett v. United Bros. etc., 10 Ala. App. 382, 64 So. 518; 1 Cooley's Briefs on Ins. (2d Ed.) 337, and cases there collected; Campbell v. New England Mut. Life Ins. Co., 98 Mass. 381; Provident Life Ins. & Investment Co. v. Baum, 29 Ind. 236. Construing the averments of the plea most strongly against the pleader, we are of opinion that the demurrer thereto was properly sustained.

Along with the general issue, the defendant was allowed to plead specially, in its plea 16, that in the policy of insurance it was stipulated and agreed "that the same should be binding on the insured and every person entitled to claim under said policy, that no obligation is assumed by the company, unless on the date of said policy the insured is alive and in sound health, that the date of said policy was March 29, 1926, and defendant avers that the insured was sick on said day and which said illness resulted in his death on said March 29th, 1926."

Appellant's contention here is that the evidence, without conflict, sustains this plea, and it was error for the court to refuse the affirmative charge requested by it in writing.

This plea, of course, assumes that the policy had been duly issued—a question to be considered in connection with defendant's plea 17.

The language of the stipulation in the policy is: "No obligation is assumed by the company prior to the date hereof, *nor unless on said date the insured is alive and in sound health.* Should the proposed insured not be alive or not be in sound health on the date hereof, any amount paid to the company as premiums hereon shall be returned."

■ The evidence tends to show that the insured, who lived at the boarding house of the plaintiff, left for his work at 6 o'clock a. m. on March 29, 1926, that he was then apparently in sound health; that the policy was delivered at 7 a. m. the same date (Farmers' Mutual Insurance Association of Alabama v. Stewart et al., 192 Ala. 23, 68 So. 254), and insured died about 10 o'clock of acute indigestion, and that he was sick from one hour to one hour and a half before his death. Viewing this testimony in the light most favorable to the appellant, the illness causing the insured's death did not begin until about 8:30 a. m., an hour and a half after the delivery of the policy.

It is argued that the quoted clause prevented the risk from attaching, though the insured was in sound health when the contract was completed, if subsequent thereto on the day of the date of the policy he becomes ill, or if death occurs on that date.

■ The general rule is, in the absence of stipulations to the contrary, the risk commences with the completion of the contract, whether such completion take place on the approval of the application, the payment of the first premium, or the delivery of the policy. 2 Cooley's Briefs on Ins. (2d Ed.) 1390.

■ There is no stipulation in the policy, other than the clause above quoted, as to when the risk commenced, and the conclusion is inescapable from the language used that it was to commence with the date of the policy, if the insured was alive on that date and in sound health; that is, at the beginning of March 29, 1926, was not affected with some disease of a character affecting the general soundness of his health which materially increased the risk assumed. Metropolitan Life Ins. Co. v. Thompson, 20 Ga. App. 706, 93 S. E. 299; 2 Cooley's Briefs (2d Ed.) 1392; Padgett v. Sovereign Camp, W. O. W., 218 Ala. 255, 118 So. 456; Massachusetts Mut. Life Ins. Co. v. Crenshaw, 195 Ala. 263, 70 So. 768; Southern Life & Health Ins. Co. v. Drake, 217 Ala. 601, 117 So. 402.

■ Defendant's seventeenth plea, non est factum, alleges "that the contract of insurance, upon which plaintiff's action is founded, was not issued by it, or by any one authorized to bind it in the premises, and defendant makes oath that this plea is true." This plea imposed on the plaintiff the burden of adducing evidence, prima facie showing the execution of the policy contract. Hill v. Hyde et al. (Ala. Sup.) 121 So. 510;[2] Cooper v. American Central Co., 139 Mo. App. 570, 123 S. W. 497; Royal Exchange Assurance Co. v. Almon, 202 Ala. 374, 80 So. 456. The testimony of the witness McGee was sufficient to carry the case to the jury on this issue, if the policy on its face had appeared to have been properly signed, but it appears from the testimonial clause, "In witness whereof, the National Life Insurance Company has, by its President and Secretary, executed and attested this policy at Nashville, Tennessee, this March 29, 1926," that it was essential to an efficacious execution of the contract that it be signed by the president and the secretary.

---

[2] 219 Ala. 155.

Sovereign Camp, W. O. W., v. Burrell, 204 Ala. 210, 85 So. 762. The president's signature does not appear on the paper, and the court erred in overruling the defendant's objection thereto and in refusing the affirmative charge requested by the defendant. 1 Cooley's Briefs on Ins. (2d Ed.) 616, and authorities there cited. For these errors the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.