(127 So. 840)

## BRIDGEFORTH v. ALABAMA LIFE. & ACCIDENT INS. CO.

### 8 Div. 175.

Supreme Court of Alabama.

April 17, 1930.

W. H. Long, of Decatur, for appellant.

Bradshaw & Barnett, of Florence, and Eyster & Eyster, of Decatur, for appellee.

THOMAS, J.

The suit was upon a policy of insurance issued on August 13, 1923, and the death of assured is averred to have taken place on February 1, 1926. The pleas sought to defeat payment for the reason that there was default in the payment of premiums, and that therefore the policy had lapsed before and at the time of assured's death.

There was no error in sustaining demurrer to replication 8. It was no answer to defend the forfeiture set up in the pleas. A cardinal rule of pleading is that each step thereof must relate to and be responsive to the relevant and former pleading in the cause, and not depart therefrom. Cunningham Hardware Co. v. L. & N. R. Co., 209 Ala. 327,

96 So. 358; Ex parte Hines, Director General, 205 Ala. 17, 87 So. 691. Replication 8 was such a departure in the failure to aver reinstatement after the forfeiture set up in the pleas, and was therefore subject to the demurrer sustained thereto.

There was no reversible error committed in cross-examination of the witness Bridgeforth, as to whether she had policies of insurance on "various negroes staying down there." She had testified as beneficiary that she was paying the premiums on this policy; that others paid their own premiums, or "left his money there for his own"; that she paid "Ophelia Bridgeforth's" premiums; that she did not have insurance on her own life, and did not "pay on all of them,—they would leave the money there,—they would pay them." She was asked by the court: "What nine policies do you refer to in the letter?" (The letter was in evidence and she had testified that she wrote same to the company.) Witness answered: "I don't know the names of all of them—different ones"; that Elijah Sloss, the deceased, was one of them; they were paid "in groups" and the money sent to the home office. "When they paid up, I would send the money in"; some paid her "a nickel and some paid a dime and some twenty cents"; that her check to the company was not paid at her bank; then she sent them the "$3.00 check to cover Elijah Sloss's insurance" and a "check for $6.40"; that she attended assured when ill; that he was "one of my (her) boarders at that time"; that "we were not only kin"; that she "owned the place known as 217 Bank Street"; that "all paid their insurance there." Whereupon the policy was offered in evidence. The question was relevant as testing her recollection and the fact of her payment of the premiums due on Sloss's policy before default.

The remark of counsel, to the effect that plaintiff is running a wholesale insurance business on the lives of these people, was a mere argument, within the inferences of the evidence as we have indicated. This evidence tended to show her interest and test her recollection as to the several small payments made and necessary to keep the policy from default.

There was no error in the ruling, as to Akers, that the plaintiff, and not the assured, made application for the insurance in question, or "I guess that is his signature," etc. It shed light upon insurable interest. She was allowed to state what payments she made on the policy. The question of whether or not the sums paid were those required to prevent its forfeiture was for the jury. There were no complicated questions of fact to be determined, yet there was the controverted fact of payment vel non under the pleading to be decided.

See the recent case of National Life & Accident Ins. Co. v. Bridgeforth, 220 Ala. 314, 124 So. 886, which touched upon insurable interest.

The judgment of the circuit court is affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.