The Standard Life and Accident Insurance Company v. Martin, Admr.

No. 15,738.

THE STANDARD LIFE AND ACCIDENT INSURANCE COMPANY v.
MARTIN, ADMINISTRATOR.

LIFE INSURANCE.—*Increased Risk.—How Determined.—Provisions Against in Policy.—Competency of.—Answer.—Sufficiency of.*—In a life and accident insurance policy, it is competent to insert as a part of the contract of insurance that a forbidden hazard shall avoid the policy, or that the amount of insurance, in case of an increased hazard, shall be diminished accordingly; and, if the policy does not designate the increased hazard, the question of increased hazard, and the degree thereof, shall be determined by the jury. For the sufficiency of an answer based upon such contract, see opinion.

SAME. — *Application for. — When a Part of the Contract.* — An application for insurance, which is sufficiently referred to in the policy, is a part of the insurance contract.

SAME.—*Assured Unmarried.—Policy Made Payable to his Wife.—An Immaterial Fact.*—Where the assured directs the policy to be made payable to his wife, when, in fact, he is unmarried at the time, such fact is immaterial, and can not affect the risk of the company.

SAME.— *Warranty.—Statement in Application as to Injuries.—How Construed.*— A statement in an application for insurance as follows: "I have never been ruptured or otherwise physically injured, and I have never had, nor am I now subject to, fits, disorders of the brain, or bodily or mental infirmity or disease, except as herein stated," does not amount to a warranty, so as to avoid the policy, if the applicant had ever suffered injury or infirmity as therein stated; but the interpretation must be that the applicant was at the time free from serious physical injury, and that any injuries he may have suffered in his past life had disappeared and left him a fit subject for insurance.

SAME.—*Policy.—Construction of.—Forfeiture Avoided.*—In construing an insurance policy, it will be construed most favorably to the insured, and a forfeiture will not be imposed unless it can not be avoided.

PLEADING.—*Answer Traversing Complaint.— When Bad.*—Where a paragraph of answer alleged in a negative manner the same facts as found in the complaint, and there was a general denial, such answer was bad on demurrer.

BILL OF EXCEPTIONS.—*Stenographer's Long-Hand Manuscript.—How Brought Into the Record.*—Where a short-hand reporter has entitled his long-hand manuscript of the evidence a "Bill of Exceptions," and the same error

The Standard Life and Accident Insurance Company v. Martin, Admr.

also appears in the statement of the clerk, who fails to state explicitly that the long-hand manuscript was filed in his office as the statute requires, but the file-mark shows that it was so filed, and also stating that the bill of exceptions was filed in his office, such bill is valid and brings the evidence into the record by the force of the certificate of the judge, which is as follows: "And this was all the evidence given in said cause. And the defendant now here tenders this its bill of exceptions, and asks that the same may be signed, sealed, and made a part of the record in said cause, which is done this 1st day of August, 1890. WILLIAM JOHNSTON, Judge."

From the Porter Circuit Court.

*N. L. Agnew* and *D. E. Kelly*, for appellant.

*S. C. Spencer* and *P. Crumpacker*, for appellee.

HOWARD, J.—On the 26th day of January, 1888, appellee's decedent took out a policy of insurance in appellant's life and accident insurance company. Some time in June, 1888, said policy being in full force and effect, said decedent, while engaged as a brakeman on a construction train of the Chicago & Grand Trunk Railway Company, was accidentally thrown against some projecting timbers, and so injured that, from the effects, he died July 15, 1888. On December 24, 1889, appellant having failed and refused to pay the amount of said policy, or any part of it, the appellee (administrator) filed his substituted amended complaint in the Porter Circuit Court to collect the same. Appellant's demurrer to the complaint was overruled, and appellant excepted, and then answered in eight paragraphs. The court sustained a demurrer to each paragraph of the answer, except the first, fifth, and sixth, and the appellant excepted to the ruling. Appellee filed a reply in three paragraphs, and the court overruled demurrers to the second and third paragraphs, to which ruling appellant excepted. The cause was tried by a jury, who, at the request of the appellant, returned a special verdict. Appellant moved for judgment on the verdict in its favor, which motion was overruled, and appellant excepted. Appellant then moved for a new trial, which motion was also over-

ruled, and appellant excepted. Judgment was given appellee for twenty-two hundred dollars, and this appeal followed.

The following errors are assigned:

*First.* Error in overruling the demurrer to the complaint.

*Second.* Error in sustaining demurrers to the second, third, fourth, seventh, and eighth paragraphs of answer.

*Third.* Error in overruling demurrers to the second and third paragraphs of reply.

*Fourth.* Error in overruling the appellant's motion for judgment in its favor on the special verdict.

*Fifth.* Error in overruling the motion for a new trial.

The first error discussed in appellant's brief is the sustaining of the demurrers to the second and third paragraphs of the answer. As these demurrers practically involve the same questions, we shall consider only the demurrer to the second paragraph of the answer. This paragraph of answer is as follows:

"And for a second and further answer to so much of the complaint as claims judgment in excess of two hundred dollars and interest thereon, the defendant says that by the terms of the policy of insurance sued on—and made an exhibit to the complaint herein, and which is by reference made a part of the answer—it was agreed: 'If the insured shall be injured in any occupation or exposure rated by this company as more hazardous than that herein given, that his insurance or weekly indemnity shall only be as much as the premium paid herefor will purchase at the rate fixed in this company's tables for such increased hazard;' that the premium which said Martin was insured in, was the occupation of a passenger brakeman, and was rated by said company in its tables of risks and in said policy as a medium risk, and the said sum of twenty dollars would purchase insurance in that class to the amount of two thousand dollars; that, after the said policy was issued, the said Martin changed his occupation to that of a brakeman on a

construction train, which was a ten times more hazardous employment than that of a passenger brakeman; that he continued in said employment of brakeman on a construction train until the time of his death, and if he was injured at all after the issuing of said policy, it was while employed in the capacity of brakeman on a construction train; that the employment of brakeman on a construction train was, at the time of the issuing and execution of said policy, and has at all times since been classed by said company, in its table of risks and ·manuals issued by the said company, as a ten times more hazardous employment than that of passenger brakeman; that, by the classification of risks of said company's tables, the sum of twenty dollars premium would—at the time of the issuing of said policy, and at all times since—purchase no more than two hundred dollars insurance for injuries received by insured, while employed as brakeman on a construction train; that, by reason of the premises, the plaintiff should recover no more than two hundred dollars, with interest thereon from July 15, 1888."

We think this answer good, and that the demurrer to it should have been overruled. "The parties made the contract for themselves, and the law will only enforce it according to its terms and conditions." *Board, etc., v. South Bend, etc., Street R. W. Co.*, 118 Ind. 68.

"The principles of interpretation applicable to contracts of insurance are the same as those which obtain in the case of other contracts." May on Insurance, section 172. *American Ins. Co. v. Leonard*, 80 Ind. 272.

It is competent for the parties to provide in the policy of insurance that a forbidden hazard shall make the policy void, or that the amount of the insurance in case of increased hazard shall be diminished in proportion; and in case the policy itself does not name the forbidden or increased hazards, it will be for the jury to determine whether such a change in the risk has taken place, and in

what degree the risk has been increased. "The contract of insurance depends essentially upon an adjustment of the premium to the risk assumed." *Kyte* v. *Commercial Union Assurance Co.,* 149 Mass. 116. May on Insurance, section 245.

It was a reasonable and fair contract for the parties to enter into. Increasing the hazard increases the risk. It was proper to provide against that increase of risk in the contract, and this the parties have done in the most explicit language, in the clause of the contract set out in the second paragraph of the answer. "Upon what principle could that clause be stricken out of the contract?" *Robinson* v. *Mercer County etc., Ins. Co.,* (27 N. J. Law Rep.) 3 Dutch. 134.

The case of *Aldrich* v. *Mercantile Mutual Accident Association,* 149 Mass. 457, presents a similar question to the one under consideration. That was an action upon a certificate of membership in a mutual accident association. The evidence showed that the certificate permitted an employment different from the one named in the application, but reduced the amount of insurance accordingly; that the insured stated his occupation to be "spare conductor" on a freight train, and that he was killed while performing the duties of brakeman. Devens, J., speaking for the court, held that "the insured having been actually engaged as brakeman when he was killed, the beneficiary is therefore entitled to recover only the sum of two hundred and fifty dollars," being the amount due on the death of a brakeman.

We think it clear that the demurrer should have been overruled to the second paragraph of the answer, and, for similar reasons, we are of opinion that it should also have been overruled to the third paragraph. Substantially the same clause as to increased hazard, which is contained in the policy itself, is also contained in the application for the policy; and the third paragraph of the answer differs from

the second only in being based upon the application instead of upon the policy. This condition is contained in the policy: "The Standard Life and Accident Insurance Company, of Detroit, Mich., in consideration of the statement of facts warranted to be true in the application for this policy, and of the payment of certain sums of money specified in an order on the C. & G. T. R. R., hereby insures Fred. Martin (the person described in said application), by occupation a *passenger brakeman*, under classification *medium*." We think that the application so referred to in the policy was a part of the contract. *Cox* v. *Ætna Ins. Co.*, 29 Ind. 586; *Mutual Benefit Life Ins. Co.* v. *Miller, Admx.*, 39 Ind. 475.

We think that the court correctly sustained the demurrer to the fourth, seventh and eighth paragraphs of the answer. The fourth paragraph alleged that the decedent did not receive any accidental injury whereby any visible mark was made upon his body. The complaint alleged the same matter, and if untrue, the proof could be made under the general denial; so the demurrer to the fourth paragraph was properly sustained.

The seventh paragraph of the answer charges that the decedent warranted that he was a married man, and the eighth charges that he represented that he was a married man, and that such representation was material, while in truth he was not married. These paragraphs are based upon the seventh statement in the application, which reads as follows: "Write policy payable, in case of death by accident under its provisions, to Mrs. Fred. Martin, whose relation to me is that of wife." We think this statement is neither a warranty nor a material representation. It was merely an indication of the person to whom the policy was to be payable in case of death. Even if marriage had not taken place, it may have been in contemplation, and the insertion of "wife" as the beneficiary would thus have been reasonable, and, also, a matter of convenience in

case marriage should take place before the expiration of the policy. In any case it could add nothing to the gravity of the risk, neither could it lessen it. The representation was not material. The demurrers to both paragraphs were properly sustained.

The third assignment of error, the overruling of the demurrer to the second and third paragraphs of the reply, is not insisted upon by the appellant in his brief. The demurrer was properly overruled.

The fourth assignment of error, the overruling of appellant's motion for judgment on the special verdict, and the fifth assignment, the overruling of the motion for a new trial, need not be discussed, as the cause must be returned for a re-trial. We will, however, briefly refer to two questions which have received attention in the able briefs of counsel, and which may require consideration in the further hearing of the cause, that as to warranty and representation in the application, and that as to whether the evidence is in the record.

First as to the evidence. We are of opinion that the evidence is in the record, although the bill of exceptions is somewhat informal. It was said by Mr. Chief Justice Niblack in the case of *Marshall, Admr.,* v. *State, ex rel.,* 107 Ind. 173, that " The original long-hand manuscript of the evidence, however elaborately certified, does not of itself constitute a bill of exceptions in a cause. It can only be certified to this court in its original form, by being incorporated in a bill of exceptions. Section 1410, R. S. 1881. In this case the long-hand manuscript of the evidence was not incorporated into, or in any manner made a part of, a bill of exceptions. The intention, as well as the effort, seems rather to have been to make such manuscript take the place of and serve as a bill of exceptions."

In the case now under consideration the short-hand reporter has entitled his long-hand manuscript of the evi-

dence a "Bill of Exceptions." The same error also appears in the preliminary statement of the clerk, who also fails to state explicitly that the long-hand manuscript was filed in his office, as the statute requires, although the clerk's filing mark upon the manuscript shows that it was so filed. The clerk also states that the bill of exceptions was filed in his office, intending, perhaps, that this should be taken as a double statement, showing that the bill of exceptions was so filed and that the manuscript was also filed, the manuscript being taken as the bill, thus subjecting himself to the criticism in *Marshall, Admr., v. State, ex rel., supra.* A simple method of preparing a bill of exceptions which shall incorporate the original long-hand manuscript of the evidence is given by Mr. Justice Mitchell in the case of *Wagoner* v. *Wilson,* 108 Ind. 210.

The certificate of the judge, however, we think, validates the bill of exceptions in this case, and brings the evidence into the record. Following the certificate of the official reporter to the long-hand manuscript of the evidence is the following:

"And this was all the evidence given in said cause. And the defendant now here tenders this its bill of exceptions, and asks that the same may be signed, sealed, and made a part of the record in said cause, which is done, this 1st day of August, 1890.

"WILLIAM JOHNSTON, Judge."

The final certificate of the clerk is also in proper form, closing as follows:

"And I further certify that on the 1st day of August, 1890, the official reporter who took down the evidence in said cause filed in my office his long-hand manuscript thereof, which is the same manuscript of the evidence, proceedings, and rulings of the court in relation to the admission and rejection of evidence, and the exceptions thereto, incorporated in the bill of exceptions made part of the foregoing transcript."

The evidence is in the record. *Cluck* v. *State*, 40 Ind. 263; *Woollen* v. *Wishmier*, 70 Ind. 108; *Williams, Admr.*, v. *Pendleton, etc., Turnpike Co.*, 76 Ind. 87; *Stout* v. *Stout*, 77 Ind. 537; *Stagg* v. *Compton*, 81 Ind. 171; *Hewitt* v. *Powers*, 84 Ind. 295.

The question as to warranty or representation is as to the interpretation to be given to the following clause in the application for insurance made by the decedent:

"14. I have never been ruptured or otherwise physically injured, and I have never had, nor am I now subject to fits, disorders of the brain, or bodily or mental infirmity or disease, except as herein stated."

Appellant contends that this statement amounts to a warranty, or at least to a material representation, in so much that if it should appear that decedent had in fact ever been "physically injured" prior to the date of such application, that circumstance would defeat and make void the policy. Appellee contends that the clause is, at most, an immaterial representation, for the reason that no representation could be material that did not concern the insurable condition of the decedent at the time the application was made; that if it should appear that he had previously suffered from some infirmity, and yet, at the time of the application, had been restored to good health and was free from any injury that could affect his insurable character, then the representation would not be material, and the policy, for that reason, would not be void.

The application was partly printed and partly written, and it was admitted by the parties, in open court, that the written portion is in the handwriting of appellant's agent. The printed clause in question closes with the words, "except as herein stated," and no written words, either of exception or of affirmation, followed. The clause seems to have been passed without comment of any kind.

In a recent case this court said: "It is a well recognized rule of construction that where the language used in

a policy is capable of two constructions, the one most favorable to the assured shall be given to it." *Rogers* v. *Phenix Ins. Co.,* 121 Ind. 570.

From the verdict of the jury and from the evidence, it appears that the decedent, while a boy, had received an injury of the left foot, and that afterwards he was severely injured in the right leg. As to the left foot, the verdict finds "that said injury, except such slight limping, caused him no inconvenience whatever, and he could use his leg and foot thereafter, and move about and walk, as well as an ordinary man could."

As to the right leg, the finding is that "said leg became and remained perfectly healthy, strong, and sound, and was as good, and said insured had as perfect use of the same as he ever had."

As to the insurable effect of said injuries, the verdict concludes: "That the injuries received by the said Otto Fred. Martin did not in any respect increase his liability to accidental injury thereafter, nor cause or contribute in any degree to the accidental injury aforesaid, which resulted in his death; that the risk assumed by the defendant, in issuing said policy, was not increased to any extent on account of said previous injuries sustained by said Otto Fred. Martin."

The intention of the parties must be considered in the interpretation of the clause in question. It is impossible that the statement that the assured had never been "physically injured" could be taken in a strict sense. That would preclude almost all insurance, for very few persons have not been at least somewhat injured at one time or another. Indeed, appellant admits this in its brief. The reasonable interpretation of the clause is that the decedent was at the time free from serious physical injury, and that any injuries which he may have suffered in the course of his previous life had disappeared and left no trace behind

that would render him an unfit subject for accident insurance; that he was as to such accidents, and their results, free from bodily ailments.

In case of doubt, it is the rule that, in a policy of life insurance, the construction most favorable to the insured will be adopted. A forfeiture will not be enforced unless unavoidable. Conditions creating forfeitures will be most strongly construed against the insurer. Indemnity being the object of insurance, the policy will be construed liberally to secure that end. When the policy or application has been prepared by the company, the meaning most favorable to the assured must be taken; to hold otherwise would be to give the company, after collecting premiums, the right to cancel or forfeit the policy at its pleasure. *Northwestern M. L. Ins. Co.* v. *Hazelett,* 105 Ind. 212, and cases there cited. The policy was not forfeited by the representation that the decedent had never been physically injured.

The judgment is reversed, and the cause remanded, with instructions to overrule the demurrer to the second and third paragraphs of the answer, and for further proceedings not inconsistent with this opinion.

Filed January 26, 1893.