## H. K. Hastings v. Bankers Accident Insurance Company of Des Moines, Iowa, Appellant.

**Accident insurance: CONSTRUCTION OF POLICY: LIMITATION OF LIABILITY.** In construing a contract effect will be given, if possible, to all the language used. Under this rule a clause in a policy of accident insurance, requiring the company to pay for any injury named in specified schedules, providing that indemnity should not be paid for more than one such injury resulting from one accident, to be in lieu of any other indemnity provided in the clause, and also providing indemnity for nonfatal injuries other than those described in the schedules; it is held that the limitation of liability has reference to the entire clause and not merely to the specified schedules; so that the insured cannot recover for fractured ribs under the schedules and also for a fractured sternum under the other provisions of the clause.

**Same: COMPLICATIONS.** Under the terms of an accident policy providing for indemnity for fractured ribs with complications, it is held that the record does not disclose that a broken sternum was a complication contemplated.

**Accident insurance: WAIVER OF CLAIM.** One holding an accident policy does not elect to claim indemnity under a particular schedule, by retaining a check so drawn in settlement of injury thereunder that it cannot be cashed without signing a waiver of further

claims, where he refuses to sign the waiver and so notifies the company.

*Appeal from Wright District Court.*—HON. C. G. LEE, Judge.

TUESDAY, JANUARY 12, 1909.

AN action at law to recover on a policy of accident insurance issued to the plaintiff by the defendant, a mutual accident insurance company organized and doing business under the laws of this State. The case was tried to the court and a judgment was rendered for the plaintiff, from which the defendant appeals.—*Modified* and *affirmed.*

*N. T. Guernsey* and *Chas. Hutchinson,* for appellant.

*McGrath & Archerd,* for appellee.

SHERWIN, J.—The plaintiff alleged in his petition that an accident occurred whereby two of his ribs were broken and his sternum fractured. The policy on which the plaintiff seeks to recover provides as follows in the ninth clause or paragraph thereof:

(9) After due notice and satisfactory proof that the insured during the continuation of this contract has sustained any or either of the accidental injuries named in the schedules 1 and 2, then the company will pay to him the amount indicated by the figures set opposite such injury, provided always that the indemnity shall not be payable for more than one such injury the result of any one accident, and shall be in lieu of any other indemnity provided in this clause. Said company also agrees to pay in case of nonfatal injuries other than those described in the above-mentioned schedule, and the provisions of this contract, and during the continuation of the same, the sum of $25.00 per week for loss of time, not exceeding fifty-two consecutive weeks, resulting from bodily injury effect-

ed through means as aforesaid, which shall, independently of all other causes, immediately, wholly and continually disable him from transacting any and every kind of business pertaining to his occupation as stated in his application. The company will also pay indemnity for partial loss of time by reason of a material, but not total, disability, or an injury not resulting in total disability immediately after the accident, and for such partial disability indemnity shall accrue at one-fourth the amount allowed herein for total disability, not exceeding sixteen consecutive weeks. Indemnity may accrue for partial disability succeeding total disability, but the combined period of both shall not exceed fifty-two consecutive weeks.

In schedule 1, referred to in the foregoing clause, it is provided that an indemnity of $100 shall be paid for the breaking of "two or more ribs, with complications." The plaintiff asked to recover the $100 provided for in schedule 1, and for the total and partial disability provided for in paragraph 9. The trial court held that the plaintiff was not entitled to recover the $100 provided for in schedule 1, but that he was entitled to recover for total disability of some seven weeks, and for a partial disability of about forty-four weeks.

The appellant contends that the plaintiff was not entitled to recover any other or different amount than that provided in the policy to be paid in the event of a fracture of two or more ribs with complications, and that the court erred in ruling that plaintiff was entitled to elect whether he would accept the amount of the indemnity payable on account of the fracture of the ribs, or whether he would take the amount of indemnity payable on account of total and partial disability. The appellant also contends that there was error in allowing the plaintiff to recover for more than sixteen weeks of partial disability. The appellant also contends that the court erred in holding that the appellee had not elected to accept the indemnity pro-

1. ACCIDENT IN-
SURANCE:
construction
of policy:
limitation of
liability.

vided in schedule 1 for the fracture of two ribs with complications. It is the appellee's contention that he was entitled to recover under the schedule for the broken ribs and under clause 9 for total and partial disability. The first sentence of clause 9 provides for the payment of indemnity for either of the accidental injuries named in schedules 1 and 2, "provided always that the indemnity shall not be payable for more than one such injury the result of any one accident, and shall be in lieu of any other indemnity provided in this clause." The appellant says that the last part of the sentence relates to the indemnity mentioned in the entire clause or paragraph, while the appellee urges that it relates only to the indemnity fixed in the two schedules. We think there can be no very serious doubt as to the meaning of the language under consideration. The stipulation is that indemnity shall not be paid for more than one of the scheduled injuries if the result of any one accident, and it is there said that the indemnity so paid shall be in lieu of any other indemnity provided in "this clause." If appellee's claim as to the application of this language were to be sustained, it would render its meaning entirely without force or effect because of the previous provision against double payment under the schedules. It is a familiar rule of construction that force and effect must be given to all language used, if possible, and; unless we wholly ignore such rule, it is impossible to say that "the indemnity provided in this clause related only to the indemnity specified in the two schedules, 1 and 2. The provision was in our judgment clearly intended to apply to the entire clause or paragraph 9, and it is only by so applying it that it can be given effect; and, if this conclusion be correct, it follows that the plaintiff was not entitled to recover under the schedule for the fracture of his ribs and under the subsequent provisions of the clause for his broken sternum.

By the later provisions of the clause or paragraph the

defendant agreed to indemnify the plaintiff for nonfatal injuries other than those described in the schedules by 2. SAME: complications. paying certain sums for total and partial disability; and, unless the injury to the plaintiff's sternum was one of the complications attendant upon the fracture of the ribs, he was and is entitled to recover therefor. There is nothing in the record which would justify a holding that the broken sternum is one of the complications contemplated by the contract.

Nor does the record show that the plaintiff elected to recover under the schedule. The facts are that, in response to his notification of injury, the defendant sent 3. ACCIDENT IN-SURANCE: waiver of claim. him a certified check of $100 drawn in such form that it could not be cashed until he had signed a waiver of all further liability on the part of the defendant. This waiver he refused to sign, and he notified the defendant that he would not waive the claim that he is now making. It is true that he did not return the check, but his act in keeping it did not prejudice or mislead the defendant, for it was at all times fully advised of his position in the matter.

Under the plain terms of clause 9, the plaintiff was only entitled to recover on account of partial disability for a period of sixteen weeks, and the court erred in not so holding

The judgment must be modified in this respect, and, with such modifications, it is affirmed.—*Modified* and *affirmed.*