# Afro-American Life Ins. Co. *v.* Adams.

### Assumpsit.

(Decided November 4, 1915.  Rehearing denied December 2, 1915.
70 South. 119.)

1. **Insurance; Insurable Interest.**—An insured has an unlimited insurable interest in his own life, so that any one may take out a policy on his own life, and make it payable to whom he will.

2. **Same; Misrepresentation; Avoidance.**—An application for an insurance policy containing a statement that the beneficiary therein named was a grandson of the insured, although untrue, is not such a misrepresentation when made in good faith, and where the beneficiary had long lived with the insured, and was generally recognized as her grandson, as would avoid the policy, especially in view of the provisions of § 4572, Code 1907.

3. **Same; Fraud; Evidence.**—Where insured directed the policy to be made to plaintiff without suggestion, referring to him as her grandson, and plaintiff had long lived with insured, and called her "Mother," there was no fraud in securing the policy by reason of the fact that he was not her grandson; defendant's agent having solicited the insured.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by Lowndes W. Adams against the Afro-American Life Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

[Afro-American Life Ins. Co. v. Adams.]

EVANS & PARRISH, for appellant. L. A. SANDERSON, for appellee.

· SAYRE, J.—(1) Suit on a policy of life insurance. The insured had taken out the policy and caused it to be made payable at her death to plaintiff in the court below, appellee here. The cases are unanimous to the effect that one has an unlimited insurable interest in his own life, and therefore that one may take out a policy on his own life and make it payable to whom he will.—Cases cited on pages 252 and 253 of 1 Cooley's Briefs. There is, hence, no question as to whether plaintiff had an insurable interest in the life of the insured.

(2) But it is urged that plaintiff should not have been allowed to recover, for the reason that in her application for the policy insured stated that plaintiff, the beneficiary named in the policy, was her grandson, whereas, in fact, he was not related to her at all by consanguinity or affinity. Section 4572 of the Code provides as follows: "No written or oral misrepresentation, or warranty therein made, in the negotiation of a contract or policy of life insurance, or in the application therefor or proof of loss thereunder, shall defeat or avoid the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss."

In *Standard Life & Accident Ins. Co. v. Martin*, 133 Ind. 276, 33 N. E. 105, where the insured, an unmarried man, directed the policy to be made payable to a beneficiary whose relation to him he stated to be that of wife, the court was of opinion that the statement was neither a warranty nor a material representation, but only an indication and designation of the person to whom the policy was to be payable in case of death. This view of similar statements has been taken in *Durlan v. Central Verein, etc.*, 7 Daly (N. Y.) 168; *Lampkin v. Travelers' Ins. Co.*, 11 Colo. App. 249, 52 Pac. 1040; *Ashford·v. Metropolitan Life Ins. Co.*, 98 Mo. App. 105, 72 S. W. 712; and *Supreme Lodge A. O. U. W. v. Hutchinson*, 6 Ind. App. 399, 33 N. E. 816. And in *Berdan v. Milwaukee Mut. Life Ins. Co.*, 136 Mich. 396, 99 N. W. 411, 4 Ann. Cas. 332, it was held that one known and recognized as the nephew of the insured, though not in fact bearing such relationship, may properly be designated as the insured's nephew in naming the

[Afro-American Life Ins. Co. v. Adams.]

beneficiary. The foregoing cases are referred to in the text of 3 Cooley's Briefs, 2064, 2065. From the same text it appears to have been ruled in several cases that, where by the policy such statements were made warranties, or where they were willfully false, the falsity of such representation or warranty avoided the policy. The cases have been consulted, and we find that those of the latter class are unaffected by statutory provision such as we have in section 4572 of our Code, quoted above.

Whether the statement made by the insured in regard to the relation between herself and the named beneficiary, in the form shown by the application for the policy in this case, may be more properly treated as a mere matter of description or as a representation of such sort that the insurer, but for the statute, might be entitled to consider it as of contractual materiality, we are of opinion that the conclusion reached by the trial court must be sustained on consideration that the statement was immaterial in fact, as not affecting the risk (*Berdan v. Milwaukee Mut. Life Ins. Co.* and *Standard Life & Accident Ins. v. Martin, supra*), and that the evidence affords no sufficient warrant for an inference of actual fraud.

(3) Insured might take out a policy on her own life payable to whom she pleased without infringing upon any public policy. There is nothing whatever to indicate that the policy would not have been issued had all the facts as to the relation between insured and beneficiary been stated with literal exactness. The facts shown without dispute were these: Insured, an illiterate negro woman, widowed and childless, had applied for the policy on the suggestion of defendant's agent, had directed it to be made payable as stated above, and had paid the premium. She had reared plaintiff's mother, who first "found herself" in the family with insured. Insured, plaintiff's mother, plaintiff, and his brother and sisters, had lived together until the death of insured. There was testimony going to show that ordinarily plaintiff addressed insured as mother. When defendant's agent approached plaintiff on the subject of insurance, plaintiff wanted none, but referred him to insured, speaking of her as his grandmother. The agent then solicited the application of insured, and she, without, so far as appears, suggestion or interference from any quarter, directed the policy to be made payable to plaintiff, to whom she referred as her grandson. In this we find no evidence of fraud.

The record wholly fails to show that anything was to be accomplished by fraud; that there was any motive for fraud. In short, there is no indication that the idea of fraud found the slightest lodgment in the mind of the assured. It follows that plaintiff was entitled under the law to the general charge which the court gave at his request.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.