# American Nat. Insurance Co. *v.* Moore.

### Assumpsit.

(Decided November 18, 1915.   Rehearing denied December 8, 1915.
70 South. 190.)

1. **Insurance; Life; Beneficiary; Insurable Interest.**—Every person has an insurable interest in his own life, and where a beneficiary was not present when the negotiations were had, and a policy was taken out by insured on her own life, insured could make the benefit payable to such beneficiary whether or not the beneficiary had an insurable interest, and the insurer having issued the policy with a knowledge of the nature of the interest of the beneficiary could not defeat recovery because of a want of insurable interest in the beneficiary.

2. **Same; Instruction.**—Where the action was on a life insurance policy, and it was claimed that such person had no insurable interest, a charge that plaintiff could not recover more than the premiums paid by her was properly refused as not authorizing a recovery of interest on such premiums, if for no other reason.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Josie Moore against the American National Insurance Company on a policy issued on the life of Minnie Marshall. Judgment for plaintiff and defendant appeals.   Affirmed.

(This cause was reviewed by the Supreme Court upon certiorari to the Court of Appeals, and the writ was denied.   See *Ex parte Amer. Nat. I. Co. v. Moore,* 195 Ala. 694, 70 South. 1012.—Reporter.)

ESTES & JONES, for appellant.   GOODWYN & ROSS, for appellee.

PELHAM, P. J.—The appellee, as plaintiff, brought suit in the trial court, declaring on a life insurance policy, substantially

complying, in a single count of the complaint, with the requirements of the Code form (Code 1907, p. 196, form 12). Demurrers were interposed to the complaint, but the action of the court in overruling the demurrers is not assigned or insisted upon as error. The appellant filed pleas of the general issue and a general denial of each and every allegation of the complaint, together with ten special pleas setting up various misrepresentations as having been made in the application or negotiations for the contract of insurance, or in making proof of loss, as grounds for defeating or avoiding the policy, because made with actual intent to deceive, or as to matters or things that increased the risk of loss. The case was tried on the issues made on these pleadings, resulting in a judgment for the appellee (plaintiff) from which this appeal is prosecuted.

Pretermitting the question as to whether, as a matter of pleading, the general issue placed the burden on the plaintiff of proving that she had an insurable interest in the life of the deceased, as insitsed by appellant, the defendant was, nevertheless, not entitled to the general charge on that account.

(1) The evidence was without conflict that the policy upon which suit was brought was taken out by Minnie Marshall on her own life, and the plaintiff, her aunt, named as the beneficiary. It was shown without dispute in the evidence that the beneficiary was not present when the negotiations were made, and the policy taken out by Minnie Marshall on her own life, and the plaintiff designated and agreed upon in the contract of insurance between the company and said Minnie Marshall as the beneficiary. The policy issued and delivered to Minnie Marshall by the company showed on its face that Josie Moore, her aunt, the plaintiff who brought suit on the policy, was named as the beneficiary. There was no evidence of fraud or bad faith in naming the plaintiff as the beneficiary to whom the policy was made payable. Every person has an insurable interest in his own life, and there is no reason of public policy why one who procures insurance on his own life should not make the benefit payable to another, without regard to whether the latter has any insurable interest.—25 Cyc. 708, and authorities cited in notes 63 and 64.

The theory of the appellant of the designation of the plaintiff as having no insurable interest in the life of the insured was the same in effect, as if there had been no designation. "This theory" (as said by WALKER, P. J., in the opinion of this court in the

case of *Barnett v. United Brothers, etc.*, 10 Ala. App. 382, 384, 64 South. 518), "involves the assumption that a person cannot insure his own life for the benefit of another who has no insurable interest in it. The assumption is unwarranted. The public policy which forbids a mere stranger, having no insurable interest, to take out or otherwise acquire insurance on the life of another (*Helmetag's Adm'x v. Miller*, 76 Ala. 183, [52 Am. Rep. 316]), does not prevent one who procures and retains insurance on his own life from making the benefit payable to another, without regard to whether the latter has any insurable interest (*Stoelker v. Thornton*, 88 Ala. 241 [6 South. 680, L. R. A. 140]; *Hill v. United Life Ins. Ass'n*, 154 Pa. 29 [25 Atl. 771, 35 Am. St. Rep. 807]; *Union Fraternal League v. Walton*, 109 Ga. 1 [34 S. E. 317, 46 L. R. A. 424, 77 Am. St. Rep. 350]). The person with whom the defendant contracted, namely, the deceased, of course had an insurable interest in her own life." The defendant company had the right to bind itself by the terms of its contract, and having issued the policy with knowledge of the nature of the interest of the person to whom the policy was payable, cannot defeat recovery because of a want of insurable interest in such person.—25 Cyc. 711; *Guardian Mut. Life Ins. Co. v. Hogan*, 80 Ill. 35, 22 Am. Rep. 180; *Foster v. Preferred Accident Insurance Co.* (C. C.) 125 Fed. 536; *U. S. Mutual Accident Ass'n v. Hodgkin*, 4 App. D. C. 516.

(2) The charge requested by the defendant to the effect that the plaintiff could only recover premiums paid by herself, aside from what we have said above, could for an additional reason have been properly refused. It did not authorize a recovery of interest on the amount of premiums so paid.

The court, in refusing the general charge as to each of the special pleas setting up fraud and misrepresentations in negotiations to secure the policy, or in making proof of loss, committed no error. These pleas were drafted under the provisions of section 4572 of the Code, and alleged that the misrepresentations were made with actual intent to deceive, or with respect to matters that increased the risk of loss. The materiality of the representations as affecting the risk, and the intention to deceive, under the evidence in this case, were matters for the jury.— *Empire Life Ins. Co. v. Gee*, 171 Ala. 435, 55 South. 166; *National Union v. Sherry*, 180 Ala. 627, 61 South. 944; *Providence Savings Life Assurance Society v. Pruett*, 141 Ala. 688, 37 South. 700.

The only two assignments of error are as to the court having refused the charges requested by the defendant, that we have discussed, and it will be seen that we have arrived at the conclusion that error was not committed in the refusal of these charges.

Affirmed.

### ON APPLICATION FOR REHEARING.

Appellant's counsel, in their application for a rehearing, do not seriously controvert the proposition that the beneficiary named in the policy, Josie Moore, who, as the plaintiff, brought suit in the lower court against the appellant insurance company, was, under the terms of our statutes, at least entitled to recover the amount paid by her as premiums on the policy, together with the interest on the same.

The only assignments of error are based, first, on the refusal of the court to give the general charge in favor of the defendant; and, second, the refusal to give a charge requested by the defendants to the effect that the plaintiff could only recover the amount of premiums she had paid, which charge precluded her right to recover interest on such premiums so paid by her. There was evidence on the trial, as admitted by counsel in brief on their application for rehearing, that the plaintiff beneficiary, subsequent to the taking out of the policy, paid "a half-dozen or more" of the premiums out of her own funds. What the amounts of these premiums were, and the proper amount of interest to be allowed on them, under the evidence adduced upon the trial, was purely a jury question, and, aside from other considerations, the court was justified on this state of the evidence in refusing the two charges made the basis of the only assignments of error, which, therefore, required an affirmance of the cause, which was our former judgment on the original consideration of the case.

In the original opinion, we discussed the cardinal question of the right of the plaintiff to recover without showing she had an insurable interest in the life of the insured, pretermitting whether, as a matter of pleading, in an action on a life insurance policy the general issue places the burden on the plaintiff of showing an insurable interest in the life of the insured on the policy sued upon. That we should not be misunderstood upon this proposition, it might be well for us to state that the authorities relied on in appellant's original brief on this application (*Alabama Gold Life Ins. Co. v. Mobile Ins. Co.,* 81 Ala. 329, 1

South. 561; *Christopher Oscanyan v. Winchester Repeating Arms Co.,* 103 U. S. 26, 26 L. Ed. 539), as deciding this question, are not, in fact, in point when the suit is on a life insurance policy. All of the cases that have really considered the question that are cited as holding that the general issue raises the question of insurable interest and places upon the plaintiff the burden of proving an insurable interest to entitle him to a recovery, are cases upon fire or marine insurane policies. Necessarily, in an action on a fire or marine insurance policy, the plaintiff could not recover unless he has an interest in the property destroyed. His ownership goes to the very gist of his right to recover, for he could not be damaged unless his property had been destroyed or damaged; but that is not the case when suit is brought by the beneficiary on a life insurance policy, and we cannot see why, under the principles of good pleading, the question of insurable interest is raised by the general issue and the burden cast upon a plaintiff who sues as the beneficiary named in the contract of insurance (as in this instance), to prove that he had insurable interest in the life of the insured, to entitled him to recover.

In the light of what we have said, it can make no difference, so far as the result is concerned, in the necessary disposition of this appeal by an affirmance of the judgment appealed from, whether the policy was actually delivered to Minnie Marshall, the insured, or to Josie Moore, the beneficiary named in the contract of insurance. The appellant in this application urgently insists that the statement of facts in the original opinion is incorrect and should be changed to show that the policy was not actually delivered into the hands of the insured, Minnie Marshall. After again carefully reading the evidence as set out in the bill of exceptions, we find it stated that the application was made for the policy by the insured, Minnie Marshall, when the beneficiary, Josie Moore, was not present, and the policy issued to the insured; but that subsequently the policy and "receipt book" were delivered to the beneficiary, Josie Moore, and that thereafter sometimes the insured paid the premiums, and on other occasions the premiums were paid by the beneficiary. Although we cannot see how this could affect the disposition we have made of the case in the light of what has been said, we make this correction in the statement of facts, as urgently insisted upon, so that appellant will not be at any disadvantage, as it claims, in getting a review of the case by the Supreme Court on certiorari.

[Town of Dadeville, et al. v. Wynn.]

We think it unnecessary to a decision of the case presented on this appeal that we should extend the opinion by a discussion of whether the policy was rendered void as against public policy because the beneficiary, having no insurable interest in the life of the insured, after the issuance of the policy to the insured, paid some of the premiums on the policy.

Application overruled.