## FEDERAL CASUALTY COMPANY *v.* CHATMAN.

[No. 9,629. Filed December 18, 1918.]

1. APPEAL.—*Review.—Harmless Error.—Overruling Motion to Make More Specific.*—Ordinarily the overruling of a motion to make a pleading more specific does not constitute reversible error. p. 69.

2. INSURANCE.—*Accident Insurance.—Action on Policy.—Complaint.—Sufficiency.*—In an action on an accident policy to recover death benefits, a complaint alleging that the policy insured against death through bodily injury resulting solely through external, violent and accidental means, and that on a certain date, while the policy was in full force and effect, insured received bodily injury solely through accidental means, "which injury then and there immediately caused" insured's death, and describing the accident and the nature of the injuries, was sufficient as against a demurrer on the grounds that it failed to sufficiently show that death resulted from an accident and that the cause of death was one insured against by the policy. p. 69.

3. INSURANCE.—*Accident Insurance.—Action on Policy.—Designation of Beneficiary.—Allegation of Insurable Interest.*—In an action by the wife of insured for death benefits under an accident policy issued to her husband, the complaint is not defective for failing to allege that plaintiff was the wife of insured at the time of his death, although insured in designating the beneficiary described her by name and also as his wife, since, where a certain named person is clearly designated by the insured as the beneficiary of an insurance policy, the use of other descriptive words in connection with such designation is not of controlling importance, and the fact of an insurable interest at the time of death need not be alleged and shown in an action on the policy, where plaintiff is the person designated as payee. p. 70.

4. INSURANCE.—*Accident Insurance.—Change of Occupation*—Under a provision in an accident policy stipulating that, if the insured change his occupation to one classified by the company

as more hazardous than that stated in the policy, the liability of the insurer shall be only for such proportion of the principal sum or other indemnity as the premiums paid would have purchased at the rate fixed for such more hazardous occupation, the occupation at the time of insurance must be one which is regularly classified by the company in order to justify a claim, as a matter of law, that the new occupation must be treated as more hazardous.   p. 72.

5.   INSURANCE.—*Accident Insurance.—Action on Policy.—Change of Occupation.*—Where insured's occupation at the time of insurance was not one regularly classified in insurer's rate manual, the question of whether a change in the risk has taken place and in what degree the risk has been increased under a clause in the policy providing for a reduction of indemnity in event the insured changed his occupation to one more hazardous than that named in the policy, is for the jury.   p. 72.

6.   INSURANCE.—*Accident Insurance.—Action on Policy.—Change of Occupation.—Jury Question.*—In an action on an accident insurance policy, it was for the jury to determine whether the insured at the time of the accident had changed his occupation from that in which he was engaged at the time of insurance.   p. 72.

7.   INSURANCE.—*Accident Insurance.—Employment of Insured.—Insurer's Obligation to Ascertain Duties.*—In accepting an application for accident insurance from a person engaged in an unclassified employment, the insurer is bound to ascertain the duties which the applicant would be called upon to perform.   p. 72.

8.   PAYMENT.—*Satisfaction of Claim.—Payment by Check.—Indorsement.*—Where a check purporting to be in full settlement of a claim against an insurer was left at insured's residence, where it remained for seven days, but was not used or indorsed by the beneficiary named in the policy, the check, in the absence of acceptance and indorsement, did not operate as a satisfaction of the claim.   p. 74.

From Hancock Circuit Court; *Earl Sample,* Judge.

Action by Mollie M. Chatman against the Federal Casualty Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*G. R. Estabrook,* for appellant.
*A. F. Buchanan, Charles H. Cook* and *Jonas P. Walker,* for appellee.

Hottel, J.—This is an action instituted by appellee to recover death benefits under an accident policy issued to her husband, Robert Chatman, by appellant company. A trial by jury resulted in a verdict for appellee, and from the judgment thereon this appeal is prosecuted. The assignment of errors contains three specifications: (1) That the court erred in overruling appellant's motion to make the amended complaint more specific; (2) that the court erred in overruling appellant's demurrer to the amended complaint; and (3) that the court erred in overruling appellant's motion for a new trial.

The first and second of the above specifications are not discussed by appellant in argument, and need not receive extended treatment in this opinion.

The overruling of a motion to make a pleading more specific does not ordinarily constitute reversible error, and there is nothing in the instant case which prevents an application of the general rule. *Board, etc.* v. *State, ex rel.* (1913), 179 Ind. 644, 647, 102 N. E. 97; *Adams Express Co.* v. *Welborn* (1915), 59 Ind. App. 330, 332, 108 N. E. 163, 109 N. E. 420.

1.

The objections to the complaint, as pointed out in the memorandum accompanying appellant's demurrer, are based on its alleged failure to show: (1) That appellee was the wife of Robert Chatman at the time of his death; (2) that his death was the result of accident; and (3) that the cause of death was one insured against under the policy in suit. These objections are wholly without merit. The policy is alleged to be in the possession of appellant, and, for that reason, no copy thereof is made a part of the complaint, but that pleading

2.

charges: "That by said policy the said defendant did promise, in event of bodily injuries resulting solely through external, violent and accidental means in the death of said Robert Chatman, to pay to this plaintiff as the wife of said Robert Chatman, if still living, the sum of $300.00." It is then alleged: "That on the 25th day of July, 1914, at Indianapolis, Indiana, and while said policy was in full force and effect, the said Robert Chatman received bodily injury solely through external, violent and accidental means, to wit: that said Robert Chatman's body was crushed and his neck broken by being caught between the tank and tender of an engine and which injury there and then immediately caused the said death of said Robert Chatman." These allegations are clearly sufficient to withstand the second and third grounds of appellant's demurrer (1 C. J. 489, §240), while the first ground may be disposed of through an invocation of the rule that, where a certain named person is clearly designated by the insured as the beneficiary in an insurance policy, the use of other descriptive words in connection with such designation, as in this case, is not of controlling importance, and the fact of an insurable interest *at the time of death* "need not be alleged and shown by plaintiff when he is the person designated as payee in the policy." 1 C. J. 490, §243, and cases cited; *Milner* v. *Bowman* (1889), 119 Ind. 448, 454, 21 N. E. 1094, 5 L. R. A. 95; *Mutual, etc., Ins. Co.* v. *Cummings* (1913), 66 Ore. 272, 285, 126 Pac. 982, 133 Pac. 1169, 47 L. R. A. (N. S.) 252, Ann. Cas. 1915B 535; *Foster* v. *Preferred Acc. Ins. Co.* (1903), (C. C.) 125 Fed. 536, 539.

The remaining questions are presented by the rul-

ing on appellant's motion for a new trial and require a consideration of certain facts shown by the evidence. It appears that at the time the policy in suit was executed, and continuously thereafter to the day of his death, Robert Chatman was in the employ of the "Big Four" railroad as a "tankman," and in that capacity was engaged in the repair of its engines in the railroad shops at Indianapolis. Appellant's rate manual, in its classification of employments, did not include the occupation of "tankman," and Chatman was rated as a "D" risk by appellant's agent, on the alleged representation that the insured was engaged in general carpenter work, not using machinery. Appellant now contends that, as Chatman, at the time of the accident which resulted in his death, was in the act of coupling a tank and engine which were in the process of repair, he was engaged in a more hazardous occupation, and should, therefore, be considered as a "coupler," or a class XX risk, under the terms of the rate manual and the policy based thereon. To sustain this contention appellant relies principally on the case of *Standard Life, etc., Ins. Co. v. Martin* (1893), 133 Ind. 376, 33 N. E. 105, which holds that in a life and accident policy, it is competent for the insurer to provide, and to rely on the provision, that in case of an increased hazard resulting in injury or death the amount of insurance shall be diminished accordingly. The policy now under consideration provides that:

> "If the assured is injured, fatally or otherwise, or contracts disease after having changed his occupation to one classified by this company as more hazardous than that stated herein, or while he is doing any act or thing pertaining to

any occupation so classified by the company, the liability of the company shall be only for such proportion of the principal sum or other indemnity as the premium paid by him would have purchased at the rate and within the limits fixed by the company for such more hazardous occupation according to its rates and classification of risks.''

It must be borne in mind, however, that under a provision such as the above the occupation at the time of insurance must be one which is regularly classified by the company in order to justify a claim, as a matter of law, that the new occupation must be treated as more hazardous. *Fox v. Masons', etc., Assn.* (1897), 96 Wis. 390, 397, 71 N. W. 363; *Wilson v. Northwestern Mut. Acc. Assn.* (1893), 53 Minn. 470, 477, 55 N. W. 626. In the absence of such a classification, as in this case, ''it will be for the jury to determine whether such a change in the risk has taken place, and in what degree the risk has been increased.'' *Standard Life, etc., Ins. Co.* v. *Martin, supra,* 379.

Similarly, it was a matter for the jury to determine whether the evidence in fact showed any change of occupation on the part of Chatman. In accepting the application of a person engaged in an unclassified employment, appellant was bound to ascertain the duties which the applicant would be called on to perform in the course of that employment (1 C. J. 436, §83), and there is evidence in the record which tends to show such inquiry on the part of appellant's agent. There is also evidence to the effect that the act of coupling

in which Chatman was engaged at the time of his injury was within the scope of his regular occupation as a tankman; that it differed from the work of a coupler in the making up of trains, and that these facts were known to appellant's agents. Under proof of this character, the jury was justified in denying appellant's contention that there had been a change of occupation within the meaning of the policy provision above quoted.

This conclusion serves, in its substance, to dispose of appellant's further contention that the amount of recovery is too large, since that claim is based on the theory of death resulting from increased hazard.

Finally, it is asserted that the trial court erred in giving to the jury instruction No. 18, which reads as follows: "There has been a certain check introduced in the trial of this cause, purporting to have been a payment of the amount due the plaintiff. If you find from the evidence that the check was given to the plaintiff by defendant before the agreement to accept the same and the agreement, if any, relied upon by the defendant, could have become effective, the check in question must have been endorsed by the plaintiff or some one authorized by her to endorse the same, and unless the defendant shows by a fair preponderance of the evidence that such instrument or check was accepted and endorsed by the plaintiff in full settlement of her claim, then the giving of such check would not operate as a payment of the claim in question nor as a settlement of such claim."

The check in question is in the following words and figures, to wit:

"Detroit, Mich., Aug. 22, 1914.
"No. 75631
"Federal Casualty Company

"Pay to the order of Mollie Chatman, Beneficiary of Robert Chatman $100 (One Hundred Dollars), being in full and final compromise settlement of all claims against this company under its policy No. 208561, for any accidental injury or illness or its or their effect, originating prior to date hereof, claim No. 71413 to Peninsular State Bank, Detroit, Mich.

"Federal Casualty Company,
"L. E. Daly, Secretary.

"Receipt and Endorsement.

"Received of Federal Casualty Company the amount named on face being in full payment and compromise settlement, release and discharge of any and all claims made or to be made as herein stated, and all liability of the company by reason such injury or sickness or its or their effects are hereby fully satisfied and discharged.
. . . . . . . . . . . . . . . . . . . . . . . .
"This check will not be paid unless endorsed on this line."

The proof shows that this check and voucher was left at appellee's residence by one of appellant's agents, and remained there for several days, but was not indorsed or used by appellee. The authorities sustain appellee's contention that, under the terms of the instrument itself, the check must have been accepted *and* indorsed before it would operate as a satisfaction of her claim. *Indiana Union Traction Co.* v. *McKinney* (1906), 39 Ind. App. 86, 92,

78 N. E. 203; *Hastings* v. *Bankers, etc., Ins. Co.* (1909), 140 Iowa 626, 630, 119 N. W. 79.

The record shows no reversible error, and the judgment of the trial court is therefore affirmed.