(134 So. 850)
NORTH CAROLINA MUT. LIFE INS. CO. v. MARTIN.

6 Div. 876.

Supreme Court of Alabama.

May 21, 1931.

Huey, Welch & Stone, of Bessemer, for appellant.

G. M. Edmonds, of Birmingham, for appellee.

BOULDIN, J.

The bill is for the reformation of a policy of life insurance.

Complainant claims to be the beneficiary named in the policy; and, upon the death of the insured prior to the filing of the bill, entitled to the proceeds.

The matter of reformation is an alleged mistake in the name of the beneficiary, complainant, as written into the policy.

Complainant, in the bill, gives his name as "Ace Thomas Martin," also known and called "A. C. Thomas Martin," and in the prayer is further called "Acy Thomas Martin."

In the policy of insurance, made exhibit to the bill, as copied in the record before us, under the heading "Name of Beneficiary," appears "A. C. Thomas, ——— N."

The bill avers that, in the application for insurance, the insured requested defendant, the insurer, to make "A. C. Thomas Martin" beneficiary, but by mistake the insurer inserted "A. C. Thomas ——— N."

The application is not embodied in, attached to, nor incorporated by reference into the policy.

■ The policy stipulates that it contains the entire contract.

The contract cannot, therefore, be held self-correcting, affording adequate remedy at law.

The application, on proper predicate, would be evidence in a direct proceeding for refor-

mation; but, not being a part of the contract, it could not be received at law for purposes of self-correction, nor to vary the terms of the policy as to the person intended. 37 C. J. 410. The policy knows no man by the name of "Martin." The only surname there shown is "Thomas." Whatever name was in the application, the insurer may have changed his purpose and named "A. C. Thomas" in the policy.

■ In any event, a direct proceeding for reformation affords a clearer more adequate remedy. Burt v. Burt, 221 Pa. 171, 70 A. 710. We reach such conclusion without regard to Code, § 8371. Supreme Forest Woodmen Circle v. Knight, 9 Ala. App. 428, 64 So. 196; Royal Neighbors of America v. Fortenberry, 214 Ala. 387, 107 So. 846.

The name inserted in the policy indicates the draftsmen thought the name of the beneficiary was "A. C. Thomas," and so inserted the name, followed by some descriptive word ending with "M," probably intending to insert the omitted letters when known.

■ It does not follow there was no meeting of the minds as to naming a third person beneficiary nor as to the identity of such person.

The policy clearly discloses a beneficiary was designated to receive the proceeds.

■ The only mutuality required as to the person is that the insured should have such person in mind, and that the insurer should concur in the person designated by him. An insurance company need not know the beneficiary at all; his purpose is to identify in the policy the person known and designated by the insured.

■ The case does not involve the making of a new contract for the parties, nor the making of one which they never consummated. It resolves itself into the simple question of mistake in the name of the beneficiary designated. The person's name is for identification, descriptive matter, subject to reformation as other matters of description. It is not a case of reformation of a signature of a party, if such case could arise, but of correcting the body of the instrument to conform to the common intent.

■ That an insurance policy may be reformed as other instruments is everywhere recognized. 32 C. J. 1140; American Traders' Nat. Bank v. Henderson, 222 Ala. 426, 133 So. 36.

■ A person may take out and carry a policy of insurance on his own life, naming as beneficiary whom he pleases. The beneficiary need not have an insurable interest, such as the law requires where one person procures insurance on the life or property of

another. Afro-American Life Ins. Co. v. Adams, 195 Ala. 147, 70 So. 119; National Life & Accident Ins. Co. v. Bridgeforth, 220 Ala. 314, 124 So. 886; American National Ins. Co. v. Moore, 14 Ala. App. 413, 70 So. 190 (certiorari denied 195 Ala. 694, 70 So. 1012); 37 C. J. 390.

It is of no concern that the insurance was a pure bounty to the beneficiary from the insured, that no consideration passed from the beneficiary to any one. The contract was supported by the premium paid by insured to insurer. The right of the beneficiary became fixed on the death of the insured. Reformation cannot be denied him for want of consideration, nor because the death of the insured had intervened. Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94, 55 A. L. R. 1231.

The demurrers to the bill were properly overruled.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.