147 So. 169

## INGRAM v. JOHNSON.

### 8 Div. 624.

Court of Appeals of Alabama.
Nov. 1, 1932.

Rehearing Denied Jan. 10, 1933.

Reversed on Mandate March 21, 1933.

George B. Jones and W. H. Mitchell, both of Florence, for appellant.

Bradshaw & Barnett, of Florence, for appellee.

RICE, Judge.

This is a suit to recover the proceeds of a life insurance policy. It was begun by Ida Johnson, the appellee, against the Southern Life & Health Insurance Company, who filed a "plea of intervention," paid the face value of the policy into court, and had the court to

substitute Indiana Morgan and Elizabeth Ingram the appellant as defendants. Code 1923, § 10386.

The court tried the case without a jury, and found the issue in favor of Ida Johnson.

The facts, essential to an understanding of what we shall say, shown, without dispute, were that Oscar Morgan, deceased, while living with Ida Johnson, who bore no relation to him, and had no insurable interest in his life, "took out" the policy of insurance in question, and had Ida Johnson designated as the sole beneficiary.

Shortly before his death he undertook to have the beneficiary changed from Ida Johnson to Indiana Morgan and Elizabeth Ingram, who were his daughters. It is unnecessary to decide whether or not the method he used to "have the beneficiary changed" was, under the circumstances, otherwise effective to the purpose intended, because, as the trial judge found, Oscar Morgan was precluded from "changing the beneficiary."

We shall elaborate, slightly.

In the first place, these principles are settled: (1) An insured has an unlimited insurable interest in his own life, so that one may take out a policy on his own life, and make it payable to whom he will—whether the beneficiary did, or did not, have an insurable interest in the life of the insured (Afro-American Life Ins. Co. v. Adams, 195 Ala. 147, 70 So. 119); and (2) a policy of life insurance may, like other choses in action, be assigned by way of gift, and requires no consideration, but depends upon the voluntary act of the insured only (McDonald v. McDonald et al., 215 Ala. 179, 110 So. 291).

It is true that judgment of the lower court on the facts, upon evidence taken orally before the judge trying without a jury, will be reviewed here, upon proper presentation, whether or not there was a "special finding of the facts" (Code 1923, § 9500), as in this case. "But the finding must be plainly erroneous or manifestly wrong, to reverse the action and judgment of the court on such review." Springer et al. v. Sullivan, 218 Ala. 645, 119 So. 851, 853, and other authorities therein cited.

The question, with us, is not whether each separate statement of fact, as set out in the special finding of facts, is properly found, etc., but whether, under the rule quoted just next above, the "judgment of the trial court was sufficiently sustained by the proof." Shepherd v. Scott's Chapel, A. M. E. Zion Church, 216 Ala. 193, 112 So. 905, 906.

In this case there was ample evidence, so far as our powers of review are concerned, to warrant the learned trial court in finding, as he did, that Oscar Morgan took out the policy of life insurance mentioned and had Ida Johnson designated as the sole beneficiary; that he then "assigned to her by way of gift" the said policy, and thereby divested, irrevocably, himself of any right, recited to be retained, in the policy, to thereafter name a new or different beneficiary. Authorities hereinabove cited.

The judgment appealed from is affirmed.

Affirmed.

Opinion after Remandment by the Supreme Court.

RICE, Judge.

The decisions of the Supreme Court govern our holdings. Code 1923, § 7318. Which, we take it, means the *most recent* (on the given subject) decision of that court. Therefore we shall undertake to dispose of this appeal in accordance with the decision of the Supreme Court rendered on January 26th of this year, on appellant's successful petition for writ of certiorari, etc., in this case.

That honorable court reminds us that "in the case of Helmetag's Adm'x v. Miller, 76 Ala. 183, 52 Am. Rep. 316, it was held that such an assignment, as the one here involved, was illegal and void as being in the nature of a wager policy." And that "this case (referring to the said Helmetag's, etc., Case just cited) was decided at the December Term 1883, *fifty years ago* (italics ours) and has been so frequently cited and approved as to become *stare decisis* (italics those used by the Supreme Court)."

Really, we, too, as the Supreme Court seems to confess, found the opinion in the later case of Haase et al. v. First Nat. Bank of Anniston, 203 Ala. 624, 84 So. 761, not as clear as *some* written by the late learned and lamented Mr. Justice Sayre, but we understood that it was intended to, and did, in certain clear effect, at least, overturn and destroy the holding in the above cited Helmetag's Adm'x, etc., Case—a holding which is conceded to be that prevalent in "the minority (of) States," i. e., "against the weight of authority." And of course we, being without the authority (if we had had the desire) to "brush aside" the holding in this Haase et al., etc., Case, and understanding it as we *thought* we did, were constrained to make our holding in the instant case correspond with it, as we *understood* it.

Then, besides, according to the opinion in the case of Afro-American Life Ins. Co. v. Adams, 195 Ala. 147, 70 So. 119, 120, "The cases are unanimous to the effect that one has an unlimited insurable interest in his own life, and therefore that one may take out a policy on his own life and make it payable to whom he will." And this statement, followed by citation of authority, is then further amplified, thus: "There is, hence, no question as to whether plaintiff [who had brought the suit in that case, we interpolate]

had an insurable interest in the life of the assured."

We *thought* the holding in this opinion governed the present case. We found that it had been cited and approved in Haase et al. v. First Nat. Bank of Anniston, supra; also in American Nat. Insurance Co. v. Moore, 14 Ala. App. 413, 70 So. 190, 191, a case decided by this court, but the holding in which was approved by the Supreme Court in Ex parte American Nat. Ins. Co. v. Moore, 195 Ala. 694, 70 So. 1012. And in this case of Amer. Nat. Ins. Co. v. Moore, the late Judge Pelham, speaking for this court, used this, among other, language: "Every person has an insurable interest in his own life, and there is no reason of public policy why one who procures insurance on his own life should not make the benefit payable to another, without regard to whether the latter has any insurable interest. * * * The public policy which forbids a mere stranger, having no insurable interest, to take out or otherwise acquire insurance on the life of another (Helmetag's Adm'x v. Miller, 76 Ala. 183 [52 Am. Rep. 316]), does not prevent one who procures and retains insurance on his own life from making the benefit payable to another, without regard to whether the latter has any insurable interest."

Then, in *October, 1929*, the Supreme Court, speaking through Mr. Justice Brown, again cited this Afro-American Life Ins. Co. v. Adams Case, 195 Ala. 147, 70 So. 119, among other cases and authorities, as sustaining the following statement of the law: "That one has an unlimited insurable interest in his own life is a principle recognized by all the cases, and the great weight of authority sustains the proposition, that, when it appears that the insurance was taken out by the person whose life is insured [as in the instant case, we interpolate], *no question of insurable interest can arise.* [Italics our own.] This is the doctrine approved by our cases." National Life & Accident Ins. Co. v. Bridgeforth, 220 Ala. 314, 124 So. 886, 888.

True, the opinion in the case of Missouri State Life Ins. Co. v. Robertson Banking Co., 223 Ala. 13, 134 So. 25, 27, decided *April 16, 1931*, which opinion was written for the Supreme Court by Mr. Justice Foster, does state that: "not being prohibited by law or public policy, a contract of life insurance, being a chose in action, may before loss be assigned to one *having an insurable interest in the life of the assured* [italics our own], without the consent of the insurer, unless it contains a stipulation to the contrary or by which the right of assignment is limited." And this Missouri State Life Ins. Co. v. Robertson Banking Co. Case is one of those cited by the learned Chief Justice in his opinion granting the writ of certiorari, etc., in this case, as sus-

taining the holding that the "assignment, as the one here involved, was illegal and void as being in the nature of a wager policy."

But, some weeks after the decision in the Missouri State Life Ins. Co. v. Robertson Banking Co. Case—to be exact, on *May 21, 1931*—the Supreme Court, acting through the same judges who considered that case, approved the following statement of the law, this time delivered by Mr. Justice Bouldin, to wit: "A person may take out and carry a policy of insurance on his own life, naming as beneficiary *whom he pleases.* [Italics our own.] The beneficiary need not have an insurable interest" etc. North Carolina Mut. Life Ins. Co. v. Martin, 223 Ala. 104, 134 So. 850, 851—again citing Afro-American Life Ins. Co. v. Adams, supra.

So the law is, for us, as it is last announced by the Supreme Court (Code 1923, § 7318). Here, that announcement is contained in the opinion written on the petition for certiorari in *this* case. And we shall govern ourselves accordingly.

We have been thus, apparently, tedious, not in any critical mood, but merely, as we thought, in order to be of benefit to the profession by bringing in convenient form, into contrast, as we conceived, the various utterances of the Supreme Court on the question of whether or not one having no insurable interest in the life of the insured may be made, by the insured, the beneficiary in a policy of life insurance *on* the life of the insured, taken out and paid for *by* the insured.

We assume there is no question but that one who may legally be named as beneficiary, etc., may also, legally, be the recipient by assignment, etc., of the policy of insurance, etc. McDonald v. McDonald et al., 215 Ala. 179, 110 So. 291.

■■ Since our Supreme Court holds that the insurer may waive the failure to change the beneficiary in a life insurance policy in compliance with the terms of the policy (Whitman v. Whitman, 225 Ala. 113, 142 So. 413), and since the same was waived in this case by the insurer bringing the proceeds of the policy in question into court for an adjudication between the respective claimants under the policy "as to the merits of their respective claims" (McDonald et al. v. McDonald, 212 Ala. 137, 102 So. 38, 41, 36 A. L. R. 761) it would seem, and we hold, that, under the ruling of the Supreme Court in this case, on petition for certiorari, etc., the proceeds of the policy here in question should be adjudged to belong to the interveners.

Accordingly, the judgment of the lower court is reversed, and the cause remanded, that the proper judgment may be entered, etc. Code 1923, § 8599.

**Reversed and remanded.**